

FILED

Jun 23 2017, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Arcia De La Cruz, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | June 23, 2017 <br><br> Court of Appeals Case No. 49A05-1610-CR-2417 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Rebekah F. Pierson-Treacy, Judge <br><br> The Honorable Ronnie Huerta, Commissioner <br><br> Trial Court Cause No. 49G19-1512-CM-45644 |

**Najam, Judge.**

## Statement of the Case

[1] Jose Arcia De La Cruz appeals the imposition of probation fees after his

conviction, following a bench trial, for operating a vehicle while intoxicated, as

a Class C misdemeanor. He raises one issue on appeal, namely, whether the trial court abused its discretion when it allowed the probation department to assess probation fees against him. In response, the State contends that De La Cruz' appeal is moot.

[2] We disagree that this appeal is moot. On the merits, we reverse the trial court's order that the probation department assess probation fees, and we remand with instructions to vacate the imposition of probation fees and order reimbursement of those fees.

## Facts and Procedural History

[3] On December 23, 2015, the State charged De La Cruz with operating a vehicle while intoxicated endangering a person, as a Class A misdemeanor, and operating a vehicle with an ACE of .15 or more, as a Class A misdemeanor. The trial court appointed counsel for De La Cruz based on his indigency, with no requirement for reimbursement. On September 29, 2016, the trial court conducted a bench trial and found De La Cruz guilty of only the lesser-included offense of operating a vehicle while intoxicated, as a Class C misdemeanor. The trial court then sentenced De La Cruz to sixty days in jail, with fifty-six days suspended, and to an additional 180 days of "non-reporting" probation. Tr. at 37.

[4] During sentencing, the trial court questioned De La Cruz about his finances as follows:

Court: . . . What is your weekly income, sir?

De La Cruz: About three or four hundred dollars, but work has gone down so I don't have work right now.

Court: How much did you earn last week?

De La Cruz: Last week I didn't work. There was no work.

Court: Do you support any minor children?

De La Cruz: In Mexico.

Court: How many children?

De La Cruz: Three.

*Id.* at 38. The trial court then stated, "All right, then I will find you indigent. I won't impose any court cost[s], no fines[,] no fees. I will also order probation[,] if there are any fees associated with non-reporting[,] to assess your ability to pay, also known as sliding scale for all of it." *Id.*

[5] In the sentencing conditions section of the sentencing order, the probation "amount/comment" subsection states in relevant part: "180 DAYS PROBATION. AET AND AAID IS COMPLETED. ADS AND CMF IS NOT ORDERED. SLIDING SCALE FOR PROBATION FEES. NONREPORTING PROBATION AFTER INITIAL SIGN UP." Appellant's

App. Vol. II at 12-13. The order of probation,[1] signed on the same date as the sentencing order, lists fourteen "Standard Conditions," including "pay all Court-ordered fines, costs, fees[,] and restitution as directed." *Id.* at 44. Under the "Special Conditions" section, the probation subsection states in relevant part: "180 DAYS PROBATION. AET AND AAID IS COMPLETED. ADS AND CMF IS NOT ORDERED. SLIDING SCALE FOR PROBATION FEES. NONREPORTING PROBATION AFTER INITIAL SIGN UP." *Id.*

[6] The "Monetary Conditions" section of the probation order includes a 4-column chart. *Id.* The first column, entitled "Monetary Obligations," lists various fees, fines, and costs. *Id.* The second and third columns show "Misdemeanor Rate" and "Felony Rate," respectively. *Id.* The fourth column is entitled "Ordered Amount," but most of the rows in the column are blacked out. *Id.* The "Administrative Fee" and "Probation User Fee" rows are two of the rows that are blacked out. *Id.* The rows that are not blacked out are left blank.

[7] The last page of the Chronological Case Summary ("CCS") shows the following entry under the heading "FINANCIAL INFORMATION:"

> Defendant Arcia De La Cruz, Jose
>
> Total Charges       220.00

---

[1] The State is incorrect when it asserts that the probation order was not entered on the CCS. *See* Appellant's App. Vol. II at 11.

Total Payments and Credits       220.00

Balance Due as of 11/17/2016   0.00

*Id.* at 11.   The "Case Transactions Summary for Arcia De La Cruz, Jose" sets out probation administrative and user fees totaling $220 and payments of such fees totaling $220.   Appellant's Supp. App. Vol. II at 2.

[8]   De La Cruz filed this appeal on October 27, 2016, and, on March 30, 2017, he was discharged from probation.

## Discussion and Decision

[9]   De La Cruz challenges the imposition of probation fees.   Specifically, he contends that the trial court abused its discretion when it allowed the probation department, rather than the court, to assess those fees.   "Sentencing decisions include decisions to impose fees and costs," and a trial court's sentencing decision is reviewed for abuse of discretion.   *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016).   "An abuse of discretion has occurred when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."   *Id.*   The trial court must impose fees within statutory parameters.   *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[10]   Before we address De La Cruz' contentions, we must first address the State's assertion that this appeal is moot.   As we have previously explained:

where the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions and this court will not retain jurisdiction to decide them. Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result.

*Jones v. State*, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006) (citations and quotations omitted), *trans. denied*.

[11] Here, the State contends that De La Cruz' appeal is moot because he has already paid all of the probation fees and completed probation. We disagree. De La Cruz timely appealed the trial court's order that the probation department assess probation fees. The probation department subsequently charged him $220 in probation fees which he paid.[2] On appeal he asserts that the probation department should never have charged him the probation fees because only the court had the statutory authority to do so. He seeks a remedy of reimbursement of those fees. As discussed below, we reverse the trial court order that the probation department assess probation fees and remand with instructions to vacate the probation fees erroneously imposed and order

---

[2] Thus, while satisfaction of a judgment will generally moot an appeal on the merits of that judgment, *e.g.*, *Carey v. Haddock*, 877 N.E.2d 842, 844 (Ind. Ct. App. 2007), *trans. denied*, there is no court judgment for probation fees in this case, only a probation department assessment of fees. That is, De La Cruz does not appeal a trial court judgment of fees; rather, he appeals the trial court order allowing the probation department to assess such fees.

reimbursement of those fees. Because that remedy will provide De La Cruz with effective relief, his appeal is not moot.

[12] The State's assertion that Indiana Code Section 35-38-2-1.7(a) (2016) prohibits the remedy of reimbursement in this case is not well taken. That statute provides in relevant part that, "if the person is discharged from probation before the date the person was scheduled to be released from probation, any monthly probation user's fee paid in advance by the person may not be refunded." *Id*. However, De La Cruz was not discharged from probation before the date he was scheduled to be released from probation, nor is it clear from the record that he paid the monthly user's fee in advance of the date it was due.[3] Therefore, the State has not shown that Indiana Code Section 35-38-2-1.7(a) is applicable, and, again, De La Cruz' appeal is not moot.

[13] We thus turn to the merits of this appeal. De La Cruz contends that the trial court erred when it did not order probation fees and instead allowed the probation department to impose such fees on its own. We agree. Indiana Code Section 35-38-2-1(b) provides that, if a person is convicted of a misdemeanor, "*the court* may order the person to pay the user's fee prescribed under subsection (e)" following an indigency hearing. *Coleman*, 61 N.E.3d at 393 (emphasis added). Subsection (e) states that "the court may order" the defendant to pay not more than certain specified maximum amounts for specified fees, including

---

[3] Moreover, the statute only addresses the monthly users' fees, not the initial users' fee or the administrative fee that are also at issue in this case.

user and administrative fees, "to either the probation department or the clerk." Subsection (f) states that "the probation department . . . shall *collect*" those fees. (Emphasis added.) And Indiana Code Section 35-38-2-1.7(b) states that "[a] probation department may petition a court" to "impose" or "increase" a person's probation fees.

[14] We recently held that those statutes give "*the trial court, not the probation department*, . . . the discretion to impose probation fees." *Burnett v. State*, No. 49A02-1610-CR-2402, -- N.E.3d --, 2017 WL 1399845, at *4 (Ind. Ct. App. April 19, 2017) (emphasis added). In *Burnett*, the trial court referred at the sentencing hearing to "various probation fees that are required," and it noted in its sentencing and probation orders that the defendant had to follow "all standard conditions and fees of probation, and that probation would become non-reporting upon "payment of all fees." *Id*. However, as in our case, the probation order had blacked out or left blank the spaces for the "ordered amount" of probation fees. *Id*. Thus, despite the court's general references to probation fees, we held that the trial court had not imposed probation fees on the defendant and that it was therefore "erroneous to accept the imposition of these fees without a petition from the probation department and a showing that [the defendant's] financial situation has changed since the sentencing hearing." *Id*.; *see also Coleman*, 61 N.E.3d at 393-94 (vacating probation fees imposed by the probation department where the sentencing order did not list any such fees, and the probation order included "ordered amount" sections that were either blacked out or blank).

[15] De La Cruz' situation is similar to that of the defendants in *Burnett* and *Coleman*. Although De La Cruz' sentencing and probation orders referred to a "sliding scale for probation fees" and the trial court "order[ed] probation[,] if there are any fees associated with non-reporting[,] to assess [De La Cruz'] ability to pay," Tr. at 38, the trial court did not impose probation fees. Rather, as in *Burnett* and *Coleman*, the probation order included a "monetary obligations" section with an "ordered amount" column in which all the rows for specific fees were either blacked out or blank. Such a probation order, along with the absence of a clear statement imposing probation fees, shows the trial court's intent not to impose such fees. *Burnett*, 2017 WL 1399845, *4; *Coleman*, 61 N.E.3d at 394.

[16] However, the State maintains that Marion County courts presumptively impose probation fees pursuant to a local rule. Marion County LR49-CR00-115[4] provides that "whenever an individual is placed on probation," certain listed probation fees and costs, including administrative and user fees, "shall be imposed under the Probation Court or Probation Order unless the sentencing Judge specifically modifies the Order." The local rule does not provide what *amounts* should be imposed for each specified fee.[5] *Id*. "Indiana trial courts

---

[4] We note that this local rule was not raised or addressed in either *Burnett* or *Coleman*.

[5] The State contends that "the trial court's order read in conjunction with the local rule provided for assessing the statutory maximum amount of probation fees." Appellee's Br. at 20. However, nothing in the plain language of the local rule requires the assessment of the statutory maximum amount of probation fees; rather, the local rule is completely silent as to the amount of any fees.

may establish local rules for their own governance as long as the local rules do not conflict with the rules established by the Indiana Supreme Court or by statute." *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 645–646 (Ind. 2012); *see also* I.C. § 34-8-1-4 ("Other Indiana Courts may establish rules for their own government, supplementary to and not conflicting with the rules prescribed by the supreme court or any statute.").

[17] De La Cruz contends that LR49-CR00-115 is invalid because it conflicts with Indiana Code Section 35-38-2-1(b). Specifically, he maintains that, while the statute makes the imposition of probation fees discretionary for misdemeanors, the local rule makes such fees mandatory. We disagree. Although LR49-CR00-115 creates a presumption that probation fees are ordered, by its plain language it allows a trial court discretion to modify an order regarding probation fees in any manner it sees fit. Thus, under both the local rule and state statute, the trial court has discretion to order probation fees or not.

[18] However, the local rule did not operate as an order for probation fees in this case because the trial court did "specifically modify" the presumption of probation fees when it blacked out or left blank every row for specific fees in the "amount ordered" column of the "monetary obligations" section of the probation order. Appellant's App. at 44. The trial court did not order probation fees, and it abused its discretion when it authorized the probation

department to do so.[6]  Accordingly, we reverse the order that the probation department assess probation fees, and we remand with instructions to vacate the probation fees and order reimbursement of those fees from the probation department.[7]

[19]     Reversed and remanded with instructions.

Riley, J., and Bradford, J., concur.

---

[6] Clearly, this error was not harmless, as the State contends, since it cost De La Cruz $220 he should not have been required to pay.

[7] Unlike in *Burnett* and *Coleman*, the trial court here conducted an indigency hearing and determined that De La Cruz was indigent.  Therefore, it is not necessary to remand for such a hearing. *Cf. Burnett*, 2017 WL 1399845, *4 (holding trial court made insufficient indigency inquiry where it only asked if it was true that the defendant made less than $20,000 per year); *Coleman*, 61 N.E.3d at 394 (holding no indigency inquiry was made, and remanding for such a hearing).