## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 04 2017, 7:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

Lucino Jorge,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 4, 2017

Court of Appeals Case No.
49A02-1703-CR-401

Appeal from the Marion Superior Court, Criminal Division 10

The Honorable Linda Brown, Judge

Trial Court Cause No.
49G10-1602-CM-5419

**Vaidik, Chief Judge.**

# Case Summary

[1] Lucino Jorge was convicted of two misdemeanors and sentenced to one year of supervised probation. At sentencing the trial court ordered "standard" probation fees without specifying what fees qualified as "standard" or specifying a dollar amount for those fees. Two weeks after sentencing, administrative and probation-user fees totaling $340 were charged to Jorge. Finding nothing in the record to indicate that the trial court imposed these fees, we vacate the fees and remand for further proceedings.

# Facts and Procedural History

[2] Immediately following a bench trial where Jorge was found guilty of operating a vehicle while intoxicated in a manner that engenders a person, the trial court sentenced Jorge to supervised probation for one year. The court stated, "Sir, you will be on probation for [one year] with all the standard conditions and fees of probation." Tr. p. 30. But the court did not specify what fees qualified as "standard" nor did it specify the amount for each probation fee. The court also ordered Jorge to pay a $200 countermeasure fee, $183.50 in court costs, and a $50 fine, totaling $433.50. *Id.* at 31; Appellant's App. Vol. II p. 12.

[3] The trial court issued a written sentencing order the same day. It includes a section titled "Sentencing Conditions" that says, "[365] days on probation, all standard conditions and fees of probation, no alcohol while on probation." Appellant's App. Vol. II pp. 11-12. The order also contains a section titled

"Monetary Obligations" that lists the breakdown of the $433.50 that Jorge was ordered to pay. This section does not list any probation fees. The written probation order, also issued on January 31, lists fourteen standard conditions, including "pay all Court-ordered fines, costs, fees, and restitution as directed." *Id.* at 36. This order also lists special conditions, which are identical to the "Sentencing Conditions," and the order contains a table for setting the monetary obligations of probation. That section of Jorge's order provides:

| Monetary Obligation | Misdemeanor Rate | Felony Rate | Ordered Amount |
|---|---|---|---|
| Administrative Fee | 50 | 100 | |
| Alcohol/Drug Services Program | 250 (A Misd) 150 (B & C) | 250 | |
| Child Abuse Fee | 100 | 100 | |
| Countermeasure Fee | 200 | 200 | |
| Court Costs | 183 – 183.50 | 183 – 183.50 | |
| Domestic Violence Fee | 50 | 50 | |
| Drug Interdiction Fee | 200 – 1,000 | 200 – 1,000 | |
| Fine | 0 - 5,000 | 0 – 10,000 | |
| Pre-Trial Fee | 50 | 100 | |
| Probation User Fee | 50 + 20/month | 100 + 30/month | |
| Public Defender Fee | 50 | 100 | |
| Safe School Fee | 200 – 1,000 | 200 – 1,000 | |
| Sexual Assault Victim Fee | 250 – 1,000 | 250 – 1,000 | |

*Id.* (blacked-out sections and blank spaces in original). The chronological case summary (CCS) reflects that on February 13, two weeks after the sentencing hearing, Jorge was charged $340 in probation fees—an administrative fee of $50

and a probation-user fee of $290 (a $50 initial probation-user fee and a $20 per month probation-user fee for twelve months). *Id.* at 40, 43.[1]

[4] Jorge appeals.

# Discussion and Decision

[5] Jorge argues that the $340 in probation fees should not be charged to him because they were not part of the trial court's sentencing or probation orders. Indiana Code section 35-38-2-1 states that if a defendant is "convicted of a misdemeanor, the court may order the person to pay the user's fee prescribed under subsection (e)." Ind. Code § 35-38-2-1(b). Subsection (e) details the maximum amount the court may order a person to pay for probation fees, including the administrative fee and the probation-user fee. The State contends that the probation fees are proper because "all of the [probation] fees alleged are within the statutory limits and were clearly part of the trial court's intended order." Appellee's Br. p. 11. But the fact that Jorge's probation fees total an amount that falls within statutory limits does not mean that they were imposed according to the statute. The statute permits only the trial court to set these fees, but nothing in the record indicates that the trial court did so in this case.

---

[1] There is no indication in the record how this $340 charge came to be, i.e., whether it was the result of some action by the judge, the judge's staff, the clerk's office, the probation department, or some combination thereof.

[6]     In its orders, the trial court stated that Jorge would have to pay the "standard" probation fees, but it did not specify what fees were "standard" nor did it specify the amount of those fees. While it appears that the trial court intended to order Jorge to pay probation fees, there is no evidence that the court itself set the fees that later appeared on the CCS. *See Coleman v. State*, 61 N.E.3d 390 (Ind. Ct. App. 2016) (vacating probation and other fees that were charged just one day after sentencing because they were not part of the trial court's sentencing or probation orders).

[7]     The State also argues that the trial court, nevertheless, properly ordered the administrative and probation-user fees without specifying an amount because the court stated that it was ordering the "standard" fees of probation. The State contends that the Marion County trial courts "streamline" the imposition of probation fees by ordering the "standard" fees. Appellee's Br. p. 12. Specifically, the State claims that the court's language refers to its local rule LR49-CR00-115(b), which states in part:

> In addition to costs as set out by I.C. 33-37-4-1 whenever an individual is placed on probation, or without placing a person on probation[,] the following fees and costs shall be imposed under the Probation Court or Probation Order unless the sentencing Judge specifically modifies the Order.

But the local rule never identifies what the "standard" fees of probation are or states their amounts, nor does it include the above chart that appears on the written probation order. "The local rule does not provide what **amounts** should be imposed for each specific fee." *De La Cruz v. State*, 80 N.E.3d 210, 215 (Ind.

Ct. App. 2017). And thus, the local rule does not operate as an order for probation fees.[2] We vacate the $340 administrative and probation-user fees and remand to the trial court to specifically determine what, if any, probation fees will be imposed on Jorge, including the category and amount.[3]

[8] Vacated and remanded with instructions.

Mathias, J., and Crone, J., concur.

---

[2] The defects with the trial court's sentencing order can be cured easily. The court only needs to provide the defendant with a written list of its "standard" fees at the time of sentencing. This list should be tailored to the level of offense and delineate each fee by name and amount. Thus, the court would then be free to sentence the defendant to "standard fees" without having to verbally enunciate each fee as part of the sentencing order.

[3] Jorge also argues that because the trial court ordered him to pay costs, fines, and fees the court is required to conduct an indigency hearing. Jorge relies on Indiana Code section 33-37-2-3 to support his argument. This statute states, "[W]hen the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." Ind. Code § 33-37-2-3(a). But the statute does not dictate **when** this hearing is to occur. In any event, if revocation of probation is a result of a defendant's failure to pay fees and/or costs, the trial court must hold the indigency hearing **before** revoking probation. *Johnson v. State*, 27 N.E.3d 793, 795 n.1 (Ind. Ct. App. 2015); *see also Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002) ("[W]hen fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs.").