

**FILED**

Nov 21 2017, 10:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Adam Whitaker,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | November 21, 2017<br><br>Court of Appeals Case No.<br>49A02-1706-CR-1162<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Christina R.<br>Klineman, Judge<br><br>Trial Court Cause No.<br>49G17-1610-CM-42782 |

**Brown, Judge.**

[1] Whitaker appeals the imposition of fees by the probation department. He raises one issue which we revise and restate as whether the trial court erred in releasing his bond in the amount of $740. We reverse and remand.

*Facts and Procedural History*

[2] On October 31, 2016, the State charged Whitaker under cause number 49G17-1610-CM-42782 ("Cause No. 782") with domestic battery and battery resulting in bodily injury as class A misdemeanors. The court held a bench trial and found Whitaker guilty of domestic battery.

[3] On May 2, 2017, the court held a sentencing hearing for the conviction under Cause No. 782 as well as a hearing on a plea to invasion of privacy as a class A misdemeanor under cause number 16046715 ("Cause No. 715"). The court found Whitaker guilty of invasion of privacy under Cause No. 715 and stated: "I'll find you indigent for fines and costs and close out this matter." Transcript Volume II at 65. The court then turned to sentencing in Cause No. 782. Whitaker's mother testified that Whitaker worked for a sheet metal company, was doing a job in Columbus, Ohio, and he was working in Ohio through the week and coming home on weekends. Whitaker stated that he was letting his ex-wife live in his condo. Upon questioning by the court, Whitaker indicated that he had housing in Columbus, Ohio, that he lived with friends and family in Indiana, and that he pays $900 a month for his ex-wife to live in his condo. The court sentenced him to 365 days with 359 days suspended, placed him on probation for 359 days, and ordered him to complete a substance abuse evaluation and treatment. It also stated that if he successfully completed

treatment, then probation would become non-reporting. The court did not mention probation fees at the sentencing hearing.

[4] The same day, the court entered a sentencing order. Under the heading "CONFINEMENT COMMENTS," the order states in part: "Defendant is placed on probation for 359 days. Substance Evaluation and Treatment if deemed necessary. Defendant is permitted to travel for work. No Drug Hotline. Probation shall become non reporting upon completion of Substance Evaluation and Treatment. Probation and Substance Abuse fees are sliding scale." Appellant's Appendix Volume II at 15. The order also states: "The Court is assessing Court Costs and Fees in the amount of $0.00 and a Monetary Award (if applicable) in the amount of $. The authority for this Order and the breakdown of the costs and fees are as follows and are found in Indiana Code, Sections 33-37-4-1, -4 and 33-37-5-19." *Id.* at 16. Under the preprinted headings "MONETARY OBLIGATIONS" and "Court Costs and Fees," the value of "$0.00" and total value of "$0.00" are listed. *Id.*

[5] An order of probation was also filed that same day, providing:

> Special Conditions
>
> In addition to the monetary conditions, you must also pay the costs of any of the following Court-ordered programs as directed.
>
> Substance Abuse Evaluation & Treatment
>
> * * * * *

*Id.* at 48. The order of probation also included the following:

**Monetary Conditions**

Pursuant to Indiana Statute the minimum fee allowed by law shall be imposed. Unpaid fees may be entered as a Civil Judgment. If not paid in a timely manner, fees may be referred for collection (a collection fee will be added).

| Monetary Obligation | Misdemeanor Rate | Felony Rate | Ordered Amount |
|---|---|---|---|
| Administrative Fee | 50 | 100 | |
| Alcohol/Drug Services Program | 250 (A Misd) 150 (B & C) | 250 | |
| Child Abuse Fee | 100 | 100 | |
| Countermeasure Fee | 200 | 200 | |
| Court Costs | 183 / 183.50 | 183 / 183.50 | |
| Domestic Violence Fee | 50 | 50 | |
| Drug Interdiction Fee | 200 – 1,000 | 200 – 1,000 | |
| Fine | 0 - 5,000 | 0 – 10,000 | $ |
| Pre-Trial Fee | 50 | 100 | |
| Probation User Fee | 50 + 20/month | 100 + 30/month | |
| Public Defender Fee | 50 | 100 | |
| Safe School Fee | 200 – 1,000 | 200 – 1,000 | |
| Sexual Assault Victim Fee | 250 – 1,000 | 250 – 1,000 | |

*Id.*

[6] A Bond Release Memo filed on June 2, 2017, from a probation officer addressed to the trial court, states in part:

> A bond was posted with the Marion County Clerk's Office on the behalf of the above named defendant and cause. The defendant currently owes monetary obligations under this Cause in the amount of $740.00.
>
> The probation Department respectfully requests that the bond be transferred to the Marion Superior Court Probation Department

to apply towards the outstanding balance of fees, costs and fines under this Cause.

*Id.* at 55. An order dated June 5, 2017, approved the request and states in part "Bond to be given to MCCC in the amount of $740." *Id.* at 56.

### *Discussion*

[7] The issue is whether the trial court erred in releasing Whitaker's bond in the amount of $740. Whitaker argues that it was error for the probation department to assess fees in the amount of $740 when the trial court did not impose those fees as a condition of probation. He asserts that the facts of this case are similar to those in *De La Cruz v. State*, 80 N.E.3d 210 (Ind. Ct. App. 2017), *Burnett v. State*, 74 N.E.3d 1221 (Ind. Ct. App. 2017), and *Coleman v. State*, 61 N.E.3d 390 (Ind. Ct. App. 2016). His request is that we vacate the $740 in fees imposed by probation and order reimbursement of any amount of fees already paid.

[8] The State argues that the trial court imposed probation fees and that Marion County LR49-CR00-115 creates an allowable presumption of the imposition of probation fees when an individual is convicted of a crime. It concedes that this case is undeniably similar to *Burnett*, *De La Cruz*, and *Coleman*, but asserts that the *De La Cruz* court erred when it assumed that the presence of blackened boxes on the probation order, the same order at issue in this case, reflected an act by the trial court to "specifically modify" the presumption and impose no probation fees. Appellee's Brief at 10. It contends that the record provides no

evidence that the trial court modified the probation form and that the numerous cases from Marion County using a form containing blackened boxes suggests that the blackened boxes may, in fact, be the standard, unaltered form and not the result of modification by the trial court. It also states that the notation on the sentencing order and on the order of probation that probation fees would be on a sliding scale indicate that the trial court clearly intended to impose probation fees at least to some extent. The State argues that "[i]f the trial court did not want to or intend to impose probation fees upon Whitaker, it seems logical that it would not have ordered the release of his cash bond to the probation department to pay such fees." *Id.* at 11-12.

[9] Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). A trial court's sentencing decisions are reviewed under an abuse of discretion standard. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). "An abuse of discretion has occurred when the sentencing decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). "If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion." *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[10] When a defendant is convicted of a misdemeanor, the trial court has discretion in imposing probation fees. Ind. Code § 35-38-2-1(e) provides:

In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay:

> (1) not more than a fifty dollar ($50) initial probation user's fee;
>
> (2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;
>
> (3) the costs of the laboratory test or series of tests to detect and confirm the presence of the human immunodeficiency virus (HIV) antigen or antibodies to the human immunodeficiency virus (HIV) if such tests are required by the court under section 2.3 of this chapter; and
>
> (4) an administrative fee of fifty dollars ($50);

to either the probation department or the clerk.

[11] Ind. Code § 35-38-2-1.7(b) provides:

> A probation department may petition a court to:
>
> (1) impose a probation user's fee on a person; or
>
> (2) increase a person's probation user's fee;
>
> under section 1 or 1.5 of this chapter if the financial ability of the person to pay a probation user's fee changes while the person is on probation.

Further, the trial court must conduct an indigency hearing when it imposes fines or costs as part of a defendant's sentence. *Johnson*, 27 N.E.3d at 794-795; *see also* Ind. Code § 33-37-2-3(a). However, no specific requirement indicates when the hearing must be held as long as the hearing is held before the sentence is completed. *Johnson*, 27 N.E.3d at 794-795.

[12]     Marion County LR49-CR00-115 provides in part:

In addition to costs as set by I.C[.] 33-37-4-1[1] whenever an individual is placed on probation, or without placing a person on probation the following fees and costs shall be imposed under the Probation Court or Probation Order unless the sentencing Judge specifically modifies the Order. The fees and costs collected under the Court or Probation Order shall be applied in this following descending order of priority:

Administrative fee

Probation User fee

Alcohol and Drug Service fee (33-37-5-8)

Court Costs (I.C 33-37-4-1)

Restitution (35-50-5-3)

Public Defender Reimbursement * (35-33-7-6)

Safe School fee (I.C. 33-37-5-18)

Child Abuse Prevention fee (I.C. 33-37-5-12)

Drug Interdiction fee (I.C. 33-37-5-9)

Alcohol Countermeasures fee (I.C. 33-37-5-10)

Domestic Violence fee (33-37-5-13)

(*Fee imposed only after judicial determination of ability to pay)

---

[1] Ind. Code § 33-37-4-1 is titled "Criminal costs fee; document fee; program fees; transfer to user fee fund."

> In the event that these specific fees, or any other court ordered fees, are not paid, the Court may enter judgment against the individual and may seek appropriate steps to collect the judgment owed.

[13]   In *De La Cruz v. State*, we addressed a similar situation. In that case, the State charged Jose Arcia De La Cruz with operating a vehicle while intoxicated endangering a person and operating a vehicle with an ACE of .15 or more as class A misdemeanors. 80 N.E.3d 210, 211 (Ind. Ct. App. 2017). The trial court appointed counsel for De La Cruz based on his indigency, with no requirement for reimbursement. *Id.* at 211-212. It found De La Cruz guilty of operating a vehicle while intoxicated as a class C misdemeanor and sentenced him to sixty days in jail with fifty-six days suspended and to an additional 180 days of "non-reporting" probation. *Id.* at 212. After questioning De La Cruz about his finances, the court stated, "All right, then I will find you indigent. I won't impose any court cost[s], no fines[,] no fees. I will also order probation[,] if there are any fees associated with non-reporting[,] to assess your ability to pay, also known as sliding scale for all of it." *Id.*

[14]   In the sentencing conditions section of the sentencing order, the probation "amount/comment" subsection stated in relevant part: "SLIDING SCALE FOR PROBATION FEES. NONREPORTING PROBATION AFTER INITIAL SIGN UP." *Id.* The order of probation, signed on the same date as the sentencing order, listed fourteen "Standard Conditions," including "pay all Court-ordered fines, costs, fees[,] and restitution as directed." *Id.* Under the "Special Conditions" section, the probation subsection states in relevant part:

"SLIDING SCALE FOR PROBATION FEES. NONREPORTING PROBATION AFTER INITIAL SIGN UP." *Id.*

[15] The "Monetary Conditions" section of the probation order included a 4-column chart similar to the chart in the present case. *Id.* Most of the rows in the column titled "Ordered Amount" were blacked out, the "Administrative Fee" and "Probation User Fee" rows were two of the rows that were blacked out, and the rows that were not blacked out were left blank. *Id.* The last page of the chronological case summary showed total charges of $220 and total payments of $220. *Id.* The "Case Transactions Summary for Arcia De La Cruz, Jose" set out probation administrative and user fees totaling $220 and payments of such fees totaling $220. *Id.* at 212-213.

[16] On appeal, De La Cruz challenged the imposition of probation fees and argued that the trial court abused its discretion when it allowed the probation department, rather than the court, to assess those fees. *Id.* at 213. In our decision, we noted that there was no court judgment for probation fees, only a probation department assessment of fees, and that De La Cruz did "not appeal a trial court judgment of fees; rather, he appeal[ed] the trial court order allowing the probation department to assess such fees." *Id.* at 213 n.2. We observed that Ind. Code § 35-38-2-1(b) provided that, if a person is convicted of a misdemeanor, "*the court* may order the person to pay the user's fee prescribed under subsection (e)" following an indigency hearing. *Id.* at 214 (quoting *Coleman v. State*, 61 N.E.3d 390, 393 (Ind. Ct. App. 2016) (emphasis added)). We observed that Ind. Code § 35-38-2-1(e) states that "the court may order" the

defendant to pay not more than certain specified maximum amounts for specified fees, including user and administrative fees, "to either the probation department or the clerk," and that subsection (f) states that "the probation department . . . shall *collect*" those fees. *Id.* We also observed that Ind. Code § 35-38-2-1.7(b) states that "[a] probation department may petition a court" to "impose" or "increase" a person's probation fees. *Id.* We noted that we had recently held that those statutes give "*the trial court, not the probation department*, . . . the discretion to impose probation fees.*" *Id.* (quoting *Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017) (emphasis added)). We stated that, "[a]lthough De La Cruz' sentencing and probation orders referred to a 'sliding scale for probation fees' and the trial court 'order[ed] probation[,] if there are any fees associated with non-reporting[,] to assess [De La Cruz's] ability to pay,' the trial court did not impose probation fees." *Id.* (citation omitted). We held that "as in *Burnett* and *Coleman*, the probation order included a 'monetary obligations' section with an 'ordered amount' column in which all the rows for specific fees were either blacked out or blank," and that "[s]uch a probation order, along with the absence of a clear statement imposing probation fees, shows the trial court's intent not to impose such fees." *Id.* (citing *Burnett*, 74 N.E.3d at 1227; *Coleman*, 61 N.E.3d at 394).

[17] We also addressed the State's argument that Marion County courts presumptively impose probation fees pursuant to Marion County LR49-CR00-115. *Id.* at 214-215. We concluded that the local rule did not operate as "as an order for probation fees in this case because the trial court did 'specifically

modify' the presumption of probation fees when it blacked out or left blank every row for specific fees in the 'amount ordered' column of the 'monetary obligations' section of the probation order." *Id.* at 215. We concluded that the trial court did not order probation fees and it abused its discretion when it authorized the probation department to do so. *Id.* We reversed the order that the probation department assess probation fees and remanded with instructions to vacate the probation fees and order reimbursement of those fees from the probation department.[2] *Id.*

## *Conclusion*

[18] In accordance with *Coleman*, *Burnett*, and *De La Cruz*, we conclude that the trial court did not order probation fees and that it abused its discretion when it authorized the probation department to do so. Accordingly, we reverse the order that the bond be given to MCCC in the amount of $740, and we remand with instructions to vacate the probation fees and order reimbursement of those fees from the probation department.[3] *See De La Cruz*, 80 N.E.3d at 215.

---

[2] We note that following remand in *Burnett*, the trial court granted the defendant's motion for court-ordered refund of probation fees on July 25, 2017, and ordered the Marion County Probation Department to issue a refund to Burnett in the amount of $250. *See* July 25, 2017 Order in Cause No. 49G12-1508-CM-29371. Following remand in *Coleman*, the trial court entered an order on November 18, 2016, it found Coleman to be "indigent to the total monetary obligation of $640.00 which was imposed on October 26, 2015" and ordered that "the Defendant's total monetary obligation shall be $0.00 regarding the above entitled matter." November 18, 2016 Order in Cause No. 49G10-1506-CM-20752.

[3] At the May 2, 2017 hearing, the court stated with respect to Cause No. 715, "I'll find you indigent for fines and costs and close out this matter." Transcript Volume II at 65. Accordingly, we need not remand for an indigency hearing. *See De La Cruz*, 80 N.E.3d at 215 n.7 (holding that it was not necessary to remand for an indigency hearing because the trial court determined that the defendant was indigent). As noted, Ind. Code § 35-38-2-1.7(b) provides that a "probation department may petition a court to . . . impose a probation user's

For the foregoing reasons, we reverse the court's order that bond be given to MCCC in the amount of $740.

Reversed and remanded.

Najam, J., and Kirsch, J, concur.

---

fee on a person . . . if the financial ability of the person to pay a probation user's fee changes while the person is on probation." The trial court could then hold a hearing immediately or wait until he completes his sentence to make the indigency determination. *See Johnson*, 27 N.E.3d at 795.