

FILED

Nov 30 2017, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kristofer Polk,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 30, 2017<br><br>Court of Appeals Case No.<br>49A02-1703-CR-622<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Alicia Gooden,<br>Judge<br><br>Trial Court Cause No.<br>49G21-1610-F4-41626 |

**Pyle, Judge.**

## Statement of the Case

[1]     Kristofer Polk ("Polk") was convicted of three felonies. For one of those felonies, the trial court imposed an eight-year sentence, with six years executed and two years suspended, and ordered that he serve one year on probation.

The trial court found Polk indigent as to fines and costs, did not impose probation fees, and ordered the probation department to conduct a financial assessment. Polk contends that the trial court's directive to the probation department to conduct a financial assessment was an improper delegation of the trial court's authority to impose probation fees. Based on the alleged improper delegation of authority, he requests that we remand his case to the trial court to determine the amount of probation fees and to conduct an indigency hearing regarding his ability to pay.

[2] We agree that remand to the trial court is necessary but not for the reason suggested by Polk. Because the trial court placed Polk on probation for a felony conviction, the trial court was statutorily required to impose probation fees. Here, however, the trial court did not impose probation fees. We also agree that the trial court will be required to hold an indigency hearing. Accordingly, we remand with instructions for the trial court to impose the statutorily-mandated probation fees for Polk's felony conviction and to hold an indigency hearing, at the latest, upon the completion of Polk's sentence.

[3] We remand.

## Issue

Whether the trial court abused its discretion when it did not impose probation fees and ordered the probation department to conduct a financial assessment.

## Facts

In January 2017, following a jury trial, Polk was found guilty of Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 5 felony possession of cocaine, and Level 6 felony resisting law enforcement.[1] Thereafter, the trial court imposed an eight (8) year sentence for Polk's Level 4 felony conviction, with four (4) years executed in the Indiana Department of Correction, two (2) years executed on Community Corrections, two (2) years suspended, and one (1) year of probation; a three (3) year sentence for his Level 5 felony conviction to be served concurrently to the eight-year sentence; and a one (1) year sentence for his Level 6 felony conviction to be served consecutively to his eight-year sentence. Thus, the trial court imposed an aggregate nine-year sentence. When imposing this sentence, the trial court found Polk to be "indigent as to fines and costs[,] . . . ordered a sliding scale for Community Corrections[,] and order[ed] Probation to do a financial assessment." (Tr. Vol. 3 at 104).[2]

During the sentencing hearing, the trial court made no comment about the amount of probation fees that it was going to impose. Additionally, in its

---

[1] Polk was found not guilty of Level 5 felony battery resulting in injury to a public safety officer, and the State dismissed a Class A misdemeanor criminal trespass charge during trial. Polk stipulated to having a prior felony in a bifurcated proceeding for the serious violent felon charge, and the trial court found him guilty of that charge.

[2] Other parts of the record also reflect the trial court's directive to the probation department to conduct a financial assessment. For example, the trial court's written sentencing order, the chronological case summary ("CCS"), and the trial court's Community Corrections order all indicate that "Probation shall conduct financial assessment." (App. Vol. 2 at 7, 14, 119).

written sentencing order, the trial court did not impose probation fees. Instead, the sentencing order, under the "Amount/Comment" section of "Part IV Sentencing Conditions[,]" provided, in relevant part, that: Polk would be subject to the "standard terms and condition[s]" of probation; "Probation shall conduct financial assessment[;]" and the trial court was "assessing Court Costs and Fees in the amount of $0.00[.]" (App. Vol. 2 at 7). The trial court's probation order was also silent on the specific amount of probation fees to be imposed. The probation order contained a "Standard Condition" that Polk would be required to "pay all Court-ordered fines, costs, fees and restitution as directed." (App. Vol. 2 at 126). Additionally, the order contained the following information regarding "Special Conditions" and "Monetary Conditions" of probation:

**Special Conditions**

In addition to the monetary conditions, you must also pay the costs of any of the following Court-ordered programs as directed.

| | | |
|---|---|---|
| Community Corrections | 2 years Community Corrections program deemed appropriate. Sliding scale for fees and programs. | 02/22/2017 |
| Probation | 1-year Probation, standard terms and condition. Probation shall conduct financial assessment. | 02/22/2017 |

**Monetary Conditions**

Pursuant to Indiana Statute the minimum fee allowed by law shall be imposed. Unpaid fees may be entered as a Civil Judgment. If not paid in a timely manner, fees may be referred for collection (a collection fee will be added).

—

| Monetary Obligation | Misdemeanor Rate | Felony Rate | Ordered Amount |
|---|---|---|---|
| Administrative Fee | 50 | 100 | |
| Alcohol/Drug Services Program | 250 (A Misd) 150 (B & C) | 250 | |
| Child Abuse Fee | 100 | 100 | |
| Countermeasure Fee | 200 | 200 | |
| Court Costs | 183 – 183.50 | 183 – 183.50 | |
| Domestic Violence Fee | 50 | 50 | |
| Drug Interdiction Fee | 200 – 1,000 | 200 – 1,000 | |
| Fine | 0 - 5,000 | 0 – 10,000 | |
| Pre-Trial Fee | 50 | 100 | |
| Probation User Fee | 50 + 20/month | 100 + 30/month | |
| Public Defender Fee | 50 | 100 | |
| Safe School Fee | 200 – 1,000 | 200 – 1,000 | |
| Sexual Assault Victim Fee | 250 – 1,000 | 250 – 1,000 | |

(App. Vol. 2 at 126) (blacked-out sections and blanks spaces in original).[3] No probation fees have been imposed in this case. Polk now appeals.

## Decision

Polk challenges the trial court's decision regarding probation fees. "Sentencing decisions include decisions to impose fees and costs[,]" and "we review a trial court's sentencing decision for an abuse of discretion." *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016). An abuse of discretion occurs "when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. "'If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion.'" *Id.* (quoting *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011)).

The statute governing probation, INDIANA CODE § 35-38-2-1, provides that whenever a trial court places a person on probation, the court is required to, among other things, "specify in the record the conditions of probation[.]" IND. CODE § 35-38-2-1(a). "In addition, if the person was convicted of a *felony* and is placed on probation, the court *shall* order the person to pay to the probation department the user's fee prescribed under subsection (d)." I.C. § 35-38-2-1(b)

---

[3] We note that the probation order is a form order for Marion County.

(emphasis added).[4]  Subsection (d) sets forth a list of fees, including the minimum and maximum amounts for an initial probation user's fee and a monthly probation user's fee, that the trial "court *shall* order each person convicted of a felony to pay[.]"  I.C. § 35-38-2-1(d) (emphasis added).[5]

[8]  "[I]t is the trial court, not the probation department, that has the discretion to impose probation fees."  *Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017).  Instead, "'the probation department . . . shall *collect*'" probation fees.  *De La Cruz v. State*, 80 N.E.3d 210, 214 (Ind. Ct. App. 2017) (quoting I.C. § 35-38-2-1(f)) (emphasis added in *De La Cruz*).  A probation department may, however, petition a trial court to "impose" or "increase" a person's probation user's fee

---

[4] In contrast, when the conviction at issue is a misdemeanor, the trial court has discretion to order probation fees.  *See* I.C. § 35-38-2-1(b) (providing that "[i]f the person was convicted of a *misdemeanor*, the court *may* order the person to pay the user's fee prescribed under subsection (e)") (emphasis added).

[5] Subsection (d) of INDIANA CODE § 35-38-2-1 provides as follows:

> In addition to any other conditions of probation, the court *shall* order each person convicted of a felony to pay:
>
> > (1) not less than twenty-five dollars ($25) nor more than one hundred dollars ($100) as an initial probation user's fee;
> >
> > (2) a monthly probation user's fee of not less than fifteen dollars ($15) nor more than thirty dollars ($30) for each month that the person remains on probation;
> >
> > (3) the costs of the laboratory test or series of tests to detect and confirm the presence of the human immunodeficiency virus (HIV) antigen or antibodies to the human immunodeficiency virus (HIV) if such tests are required by the court under section 2.3 of this chapter;
> >
> > (4) an alcohol abuse deterrent fee and a medical fee set by the court under IC 9-30-9-8, if the court has referred the defendant to an alcohol abuse deterrent program; and
> >
> > (5) an administrative fee of one hundred dollars ($100);
>
> to either the probation department or the clerk.

(Emphasis added).

"if the financial ability of the person to pay a probation user's fee changes while the person is on probation." I.C. § 35-38-2-1.7(b).

[9] Polk argues that the trial court abused its discretion by ordering the probation department to conduct a financial assessment. Polk asserts that the trial court's directive to the probation department to conduct a financial assessment was an improper delegation of the trial court's authority to impose probation fees. Polk contends that his case is almost identical to *De La Cruz*, where we vacated probation fees that were imposed by the probation department, and he requests that we remand this case to the trial court to determine the amount of probation fees and to hold an indigency hearing to determine his ability to pay.

[10] The State argues that Polk has failed to show that the trial court improperly delegated its authority to impose probation fees to the probation department because the record on appeal reveals that no probation fees have been imposed. The State contends that "it was prudent for the trial court to not order probation fees during sentencing and instead direct the probation department to later conduct a financial assessment" because Polk's "ability to pay probation fees will not be fully known until he completes his period of incarceration and then starts probation[.]" (State's Br. 9). The State suggests that, at that time, the probation department can use the financial assessment and petition for the trial court to impose probation fees.

[11] Our caselaw has made it clear that it is "the trial court, not the probation department, that has the discretion to impose probation fees." *Burnett*, 74

N.E.3d at 1227. Indeed, we have recently remanded several probation fee cases in which the trial court's sentencing order and probation order had not imposed probation fees but where the probation department had imposed probation fees after sentencing. *See, e.g.*, *De La Cruz*, 80 N.E.3d at 214 (vacating probation fees because the trial court's "probation order, along with the absence of a clear statement imposing probation fees, shows the trial court's intent not to impose such fees"); *Burnett*, 74 N.E.3d at 1227 (vacating probation fees imposed by the probation department after sentencing and remanding for further proceedings); *Coleman*, 61 N.E.3d at 393-94 (vacating the probation fees imposed by the probation department where the sentencing order did not list any such fees and the probation order contained "ordered amount" sections that were either blacked out or blank). Those cases all involved misdemeanor convictions, statutory discretion for the trial court to impose probation fees, and an actual imposition of probation fees that was improperly done by the probation department instead of the trial court.[6]

[12]  Here, it is clear, and the parties do not dispute, that the trial court did not impose probation fees and that it ordered the probation department to conduct a financial assessment. While the parties direct the focus of their arguments on the meaning behind the trial court's directive for the probation department to conduct a financial assessment, we find that the more appropriate focus in this

---

[6] We note that *De La Cruz*, *Burnett*, and *Coleman* originated from Marion County and involved the same probation order form.

case should be directed to the fact that the trial court placed Polk on probation for a felony conviction, which required the trial court to impose probation fees.

[13] Here, Polk's conviction was a felony conviction; therefore, the trial court was statutorily mandated to impose probation fees. *See* I.C. § 35-38-2-1(b) (providing that "if the person was convicted of a *felony* and is placed on probation, the court *shall* order the person to pay to the probation department the [probation] user's fee prescribed under subsection (d)"); I.C. § 35-38-2-1(d) (providing that the trial "court *shall* order each person convicted of a felony to pay" fees, including an initial probation user's fee, a monthly probation user's fee, and an administrative fee). Additionally, the record on appeal reveals that there has been no imposition of probation fees, either by the trial court as required by statute or incorrectly imposed by the probation department. Because the trial court abused its discretion by failing to impose the statutorily-mandated probation fees for Polk's felony conviction, we remand to the trial court to impose probation fees.

[14] On remand, the trial court will also be required to hold an indigency hearing. *See Johnson v. State*, 27 N.E.3d 793, 795 (Ind. Ct. App. 2015) (explaining that a trial court is required to hold an indigency hearing for probation fees); *see also* I.C. § 33-37-2-3 (providing that a court must conduct an indigency hearing when imposing costs); I.C. § 35-38-1-18 (providing that a court must conduct an indigency hearing when imposing a fine). However, there is no requirement as to *when* the indigency hearing must be held. *See Johnson*, 27 N.E.3d at 795. In regard to probation fees, our Court has explained that "[a] trial court acts

within its authority when it chooses to wait and see if a defendant can pay probation fees before it finds the defendant indigent." *Id.* (citing I.C. ch. 35-38-2). *See also Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002) (explaining that "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise"). "At the latest, an indigency hearing for probation fees should be held at the time a defendant completes his sentence." *Johnson*, 27 N.E.3d at 795. Therefore, because the trial court will be imposing probation fees on remand, it will need to hold an indigency hearing, at the latest, at the time that Polk completes his sentence, which in this instance includes executed time at the Indiana Department of Correction and on Community Corrections.[7]

[15] Remanded.

Riley, J., and Robb, J., concur.

---

[7] We note that indigency hearing would, alternatively, have to be held before the trial court could revoke probation revocation premised on a failure to pay fees. *See Johnson*, 27 N.E.3d at 795 n.1.