**FILED**

Sep 21 2016, 8:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andre C. Coleman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 21, 2016 <br><br> Court of Appeals Case No. 49A02-1511-CR-1999 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Allan W. Reid, Commissioner <br><br> The Honorable Linda E. Brown, Judge <br><br> Trial Court Cause No. 49G10-1506-CM-20752 |

**Mathias, Judge.**

[1] Following a bench trial in Marion Superior Court, Andre Coleman ("Coleman") was convicted of Class B misdemeanor public intoxication. He was ordered to serve 365 days in jail with 363 days suspended to probation.

Coleman presents two issues on appeal, which we restate as whether the trial court abused its discretion in imposing a supplemental public defender fee, probation fees, and a drug and alcohol treatment fee.

We vacate the imposition of the supplemental public defender and probation fees and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

At approximately 1:20 a.m. on June 13, 2015, Indianapolis Airport Police Officer Julianna Matthews ("Officer Matthews") was out on patrol when she noticed a car parked in the shoulder along the airport's North Access Road. Officer Matthews was concerned because the car was protruding about two or three feet into the roadway, so she stopped to investigate. As she approached the car and knocked on its window, Officer Matthews encountered Coleman in the driver's seat, who appeared to have been asleep. Coleman rolled down the window and spoke slowly to Officer Matthews. He was unable to keep his eyes open or his head still. Coleman admitted to drinking a "couple of beers" but stated that he was not intoxicated. Tr. p. 7. Based on this behavior, Officer Matthews believed that Coleman was under the influence and proceeded to conduct standardized field sobriety tests after Officer Tyler Frankel ("Officer Frankel") arrived at the scene.

Coleman attempted to complete the first test but failed. Officer Matthews tried to administer two more sobriety tests, but Coleman failed because he refused to complete either test. Officer Matthews then arrested Coleman for public

intoxication and due to an active warrant in an unrelated case. Appellant's App. p. 12.

[5] On June 13, 2015, the State charged Coleman with two counts of Class B misdemeanor public intoxication. That same day, the trial court held an initial hearing and found Coleman to be indigent. After a thorough examination of Coleman's financial situation, the court appointed an attorney at public expense with no reimbursement requirement. Appellant's App. p. 17.

[6] On September 21, 2015, a bench trial was held, and the trial court took the issue under advisement. The trial court found Coleman guilty on both counts and merged Count II into Count I on October 5, 2015. On September 26, 2015, the trial court held a sentencing hearing and ordered Coleman to serve 365 days in jail with 363 days suspended to probation and to take an alcohol and drug treatment class. Upon Coleman's completion of the class, his probation would become non-reporting. At the sentencing hearing, the trial court found Coleman indigent as to fines and costs. Tr. p. 34. Coleman asked the court if he had to pay for the alcohol and drug treatment class to which the court responded, "Yes, yeah." Tr. p. 33. However, the court never inquired about Coleman's financial situation at this time.

[7] The trial court's sentencing order also did not list a public defender fee or any other court costs or fees. Appellant's App. p. 11. Although the sentencing order indicated that Coleman was required to participate in alcohol and drug treatment as part of his sentence, his total monetary obligation totaled $0. *Id.*

The order of probation also indicated that Coleman was required to complete an alcohol and drug treatment program.[1] However, the order of probation did not designate an amount owed for probation user fees. Appellant's App. p. 27.

One day after sentencing, Coleman was charged $640 in court fees, which included a $50 supplemental public defender fee. The case transaction showed a breakdown of all of the fees including: a $250 alcohol and drug service program user fee, a $50 adult probation administrative fee, a $50 supplemental public defender fee, and a $290[2] adult probation user fee. On April 22, 2016, Coleman's balance remained at $640. Coleman now appeals.

## Standard of Review

Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.3d 793, 794 (Ind. Ct. App. 2015). We review a trial court's sentencing decision for an abuse of discretion. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). An abuse of discretion has occurred when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* (quotations omitted). "If the fees imposed by the trial court fall

---

[1] The order of probation listed the alcohol and drug services program fee for a Class A misdemeanor as $250 and for a Class B or C misdemeanor as $150. However, like many other categories on the order of probation, the amount owed section is blacked out. Appellant's App. p. 27.

[2] This fee included twelve months of probation fees at $20 and a $50 administrative fee.

within the parameters provided by statute, we will not find an abuse of discretion." *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

## I. Public Defender Fee

[10] Coleman argues that the trial court abused its discretion in imposing a $50 supplemental public defender fee without statutory authorization. However, the record does not support that the trial court even imposed this fee.

[11] At the time of the initial hearing, the trial court granted Coleman's petition for appointment of counsel which stated, "[n]o reimbursement required." Appellant's App. p. 17. At the sentencing hearing, the trial court stated, "[Coleman] had no fines and costs." Tr. p. 34. The CCS also indicated that Coleman was found indigent to fines and costs. Appellant's App. p. 9. Further, both the order of probation[3] and the sentencing order do not reflect that Coleman owed a supplemental public defender fee. Appellant's App. pp. 10-11, 27. Even so, Coleman was charged with a $50 supplemental public defender fee in his case transaction summary. Appellant's App. 28. This appears to be an error on the part of the probation department. Although Coleman argues that the trial court erred in imposing a supplemental public defender fee, it did not do so in its either its sentencing order or order of probation. *See* Appellant's

---

[3] Portions of the order of probation are blacked out, including the public defender fee among other fees that Coleman was charged in his case transaction summary. Coleman's signature also does not appear on the order of probation. *See* Appellant's App. p. 27.

App. pp. 10-11, 27. Therefore, we conclude that the supplemental public defender fee was not properly imposed on Coleman, and we vacate it.

## II. Probation Fees

[12] Coleman further asserts that the trial court abused its discretion in imposing probation fees when it did not conduct an indigency hearing. When a defendant is convicted of a misdemeanor, the trial court has discretion in imposing probation fees:

> In addition to any other conditions of probation, the court *may* order each person convicted of a misdemeanor to pay:
>
> (1) not more than a fifty dollar ($50) initial probation user's fee;
>
> (2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;
>
> (3) the costs of the laboratory test or series of tests to detect and confirm the presence of human immunodeficiency virus (HIV) antigen or antibodies to the human immunodeficiency virus (HIV) if such tests are required by the court under section 2.3 of this chapter; and
>
> (3) an administrative fee of fifty dollars ($50).

Ind. Code § 35-38-2-1(e) (emphasis added). Under Indiana Code section 35-38-2-1.7(b):

A probation department may petition a court to: (1) impose a probation user's fee on a person; or (2) increase a person's probation user's fee; under section 1 or 1.5 of this chapter if the financial ability of the person to pay a probation user's fee changes while the person is on probation.

[13] Further, the trial court must conduct an indigency hearing when it imposes fines or costs as part of a defendant's sentence. *Johnson*, 27 N.E.3d at 794-95; *see also* Ind. Code § 33-37-2-3(a). However, no specific requirement indicates when the hearing must be held as long as the hearing is held before the sentence is completed. *Johnson*, 27 N.E.3d at 794-95.

[14] In its order of probation, the trial court did not designate the fees that later appeared on Coleman's case transaction summary.[4] These monetary obligations were listed as standard categories on the order of probation, but the ordered amount sections were blacked out with the exception of the "fine," "safe school fee," and "sexual assault fee." Each of these categories appeared to have ordered amounts of "0." The fees in the case transaction summary were within the trial court's discretion to impose under Indiana Code section 35-38-2-1(e).[5] Further, at the sentencing hearing, the trial court stated that Coleman had no fines or costs but did not hold an indigency hearing. Tr. p. 34.

---

[4] This does not include the supplemental public defender fee or the alcohol and drug services fee, as these fees are addressed in previous and subsequent sections of this opinion.

[5] We acknowledge that the probation department could have petitioned the trial court to impose these fees, but the record contains no evidence of this.

Again, based on the record, we cannot conclude that the trial court imposed these probation fees. Because the trial court stated at the sentencing hearing that Coleman would be found indigent as to a fines and costs, and the order of probation contained blacked out portions, we vacate Coleman's probation fees and remand to the trial court to hold an indigency hearing.[6]

## III. Drug and Alcohol Treatment Fee

Coleman asserts that the trial court abused its discretion in imposing a $250 alcohol and drug services fee when he was convicted of a Class B misdemeanor. The State concedes that this was an error. The order of probation lists the fee for alcohol and drug services as $250 for a Class A misdemeanor and $150 for a Class B or Class C misdemeanor. Because this was a fee listed on the order of probation that we concluded was not imposed by the trial court, we vacate the fee pending an indigency hearing. If the trial court determines after an indigency hearing that Coleman is not indigent and able to pay the probation fees, we instruct the trial court correct the order to reflect that Coleman owes $150 for the alcohol and drug services fee to correspond with his Class B misdemeanor conviction.

## Conclusion

Based on the record, we conclude that the trial court did not impose a supplemental public defender fee or any of the other probation fees reflected on

---

[6] We note that the indigency hearing does not have to be held until Coleman completes his probation sentence. *See Johnson*, 27 N.E.3d at 794-95.

Coleman's case transaction summary. The imposition of these fees appears to be an error by the probation department. We therefore vacate these fees and remand to the trial court to hold an indigency hearing. Further, if the trial court concludes that Coleman is not indigent, it should order Coleman to pay a $150 alcohol and drug services fee.

[18] Vacated and remanded for proceedings consistent with this opinion.

Vaidik, C.J., and Barnes, J., concur.