## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2017, 8:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jaron C. Gibbs,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 28, 2017

Court of Appeals Case No.
49A05-1606-CR-1336

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

Trial Court Cause No.
49G17-1504-CM-12284

**Baker, Judge.**

[1] Jaron Gibbs appeals the probation department's imposition of costs and fees after the trial court elected to impose no fees. He also argues that the trial court erred by merging one conviction into another instead of vacating one of them, violating the prohibition against double jeopardy. We agree on both arguments, and vacate and remand for further proceedings and with instructions to vacate the second of Gibbs's convictions.

## Facts

[2] At the beginning of Gibbs's legal proceedings, the trial court found him indigent and appointed a public defender. On May 31, 2016, following a bench trial, the trial court found Gibbs guilty of Class A misdemeanor domestic battery and Class A misdemeanor domestic battery resulting in bodily injury. At the sentencing hearing, the trial court asked for argument, and Gibbs's attorney explained as follows:

> Mr. Gibbs is looking for work currently. He's not working, he doesn't have a license, he doesn't drive. We don't believe that any form of probation, I don't know if that would be appropriate. Because he [would] have to worry about his transportation with him being (INAUDIBLE) or any treatment or anything like that. We would ask for time served.

Tr. p. 100. The same day, the trial court sentenced Gibbs to 365 days, with 339 days suspended to non-reporting probation. The sentencing order states that "The Court is assessing Court Costs and Fees in the amount of $0.00 . . . ." Appellant's App. Vol. II p. 13. The probation order includes a space for

monetary conditions of probation. That section of Gibbs's order reads as follows:

| Monetary Obligation | Misdemeanor Rate | Felony Rate | Ordered Amount |
|---|---|---|---|
| Administrative Fee | 50 | 100 | ███ |
| Alcohol/Drug Services Program | 250 (A Misd) 150 (B & C) | 250 | ███ |
| Child Abuse Fee | 100 | 100 | ███ |
| Countermeasure Fee | 200 | 200 | ███ |
| Court Costs | 183/183.50 | 183/183.50 | ███ |
| Domestic Violence Fee | 50 | 50 | ███ |
| Drug Interdiction Fee | 200-1,000 | 200-1,000 | ███ |
| Fine | 0-5,000 | 0-10,000 | $ |
| Pre-Trial Fee | 50 | 100 | ███ |
| Probation User Fee | 50 + 20/month | 100 + 30/month | ███ |
| Public Defender Fee | 50 | 100 | ███ |
| Safe School Fee | 200-1,000 | 200-1,000 | |
| Sexual Assault Victim Fee | 250-1,000 | 250-1,000 | |

*Id.* at 51 (blacked-out sections and blank spaces original). Subsequently, the probation department charged Gibbs $340 in probation user's fees and $233 in miscellaneous fees.[1] On June 6, 2016, the trial court granted the probation department's request to transfer Gibbs's bond to apply to the outstanding

---

[1] None of these fees fell into the categories of "Fine," "Safe School Fee," or "Sexual Assault Victim Fee."

balance, leaving Gibbs with a remaining balance owed of $378.  Gibbs now appeals.

## Discussion and Decision

## I.  Probation Fees and Costs

[3]     When a defendant is convicted of a misdemeanor, the trial court has discretion to impose certain probation fees.  Ind. Code § 35-38-2-1(e).  If the probation department later wants to alter the fees imposed by the trial court, it must petition the trial court to increase the probation fees.  I.C. § 35-38-2-1.7(b).  To be entitled to an increase in fees, the probation department must demonstrate that there was a change in the financial ability of the probationer while on probation.  *Id.*

[4]     This Court has already considered the precise issue before us regarding probation fees and costs.  In *Coleman v. State*, 61 N.E.3d 390 (Ind. Ct. App. 2016), the trial court's sentencing order did not list any court costs or fees, and the probation order's monetary obligation section included ordered amount sections that were blacked out with the exception of "fine," "safe school fee," and "sexual assault victim fee," which were all blank.  61 N.E.3d at 393-94.  The probation department subsequently imposed an aggregate amount of $640 in fees on the defendant.  This Court found that, "based on the record, we cannot conclude that the trial court imposed these probation fees."  *Id.* at 394.  Therefore, we vacated the fees and remanded for further proceedings.

[5]    The State directs our attention to a Marion County local rule, which provides that whenever an individual is placed on probation, a series of fees and costs "shall be imposed under the Probation Court or Probation Order unless the sentencing Judge specifically modifies the Order." LR49-CR00-115(a). Initially, we emphasize that any local rule (along with any statute) must also comply with the constitutional due process rights of the people to whom the rule is applied. Therefore, were this rule to be applied in a way that violated Gibbs's due process rights, we would find it to be unconstitutional.

[6]    As a constitutional argument has not been made in this case, however, we note that while we acknowledge this rule, we can only conclude that, by blacking out the sections for the "Ordered Amount" of relevant fees and costs in the probation order, the trial court did, in fact, modify the default imposition of fees. Because the trial court in this case did not impose any probation fees or costs on Gibbs, it was erroneous to accept the imposition of these fees without a petition from the probation department and a showing that Gibbs's financial situation has changed since the sentencing hearing. Accordingly, we vacate the fees and remand for further proceedings.[2]

---

[2] Should the probation department petition for fees and costs, the trial court would have to hold an indigency hearing at some point. The trial court could hold the hearing immediately or wait until Gibbs completes his sentence to make the indigency determination. *Johnson v. State*, 27 N.E.3d 793, 795 (Ind. Ct. App. 2015).

## II. Merger

Finally, the trial court entered a judgment of conviction for both Class A misdemeanor convictions. In an attempt to avoid running afoul of the prohibition against double jeopardy, the trial court merged one count into another. The State concedes that Gibbs is correct that merging a conviction without vacating it does not remedy a double jeopardy violation. *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014). We agree. Therefore, we remand with instructions to vacate Gibbs's conviction for Class A misdemeanor domestic violence causing bodily injury.

The judgment of the trial court regarding the fees owed by Gibbs is vacated and remanded for further proceedings consistent with this opinion and with instructions to vacate Gibbs's conviction for Class A misdemeanor domestic violence resulting in bodily injury.

Mathias, J., and Pyle, J., concur.