## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2019, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Daniel Hageman
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Teresa Treat,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 25, 2019

Court of Appeals Case No.
18A-CR-1406

Appeal from the
Marion Superior Court

The Honorable
Angela Dow Davis, Judge

Trial Court Cause No.
49G16-1712-CM-48898

**Kirsch, Judge.**

[1] Following a bench trial, Teresa Treat ("Treat") was convicted of domestic battery[1] as a Class A misdemeanor and was sentenced to 180 days of incarceration, which was suspended to probation. Treat appeals her sentence and raises the following issue: whether the trial court abused its discretion when it ordered her to pay probation user fees.

[2] We affirm.

## Facts and Procedural History

[3] On the night of December 21, 2017, Treat and her husband, J.T., went out for dinner with Treat's daughter and her daughter's boyfriend at a restaurant in Southport, Indiana, where Treat consumed a couple of alcoholic beverages. Afterwards, Treat and J.T. left the restaurant and began driving to J.T.'s mother's house in New Palestine, Indiana, because J.T. wanted to give some money to his son, who was having a party to celebrate his birthday. On the way to the house, Treat became very upset about her marriage, and she punched J.T. on the right side of his face with a closed fist. *Tr. Vol. II* at 14. This punch resulted in a bruise that lingered for approximately three or four weeks. *Id.* at 15.

[4] When Treat and J.T. arrived at his mother's home, the party was over, and everybody had already left. J.T. drove Treat home, and she went straight to

---

[1] *See* Ind. Code § 35-42-2-1.3(a)(1).

bed. J.T. then left the house and went to a nearby gas station where he called the police and reported the battery. *Id*. at 17. When officers arrived at the house, they took photographs of J.T.'s injuries. Treat was then arrested and charged with one count of Class A misdemeanor domestic battery and one count of Class A misdemeanor battery resulting in bodily injury. *Appellant's App. Vol. II* at 17. After a bench trial, Treat was convicted of Class A misdemeanor domestic battery and acquitted of the battery resulting in bodily injury charge. *Tr. Vol. II* at 78.

[5] A sentencing hearing was held on May 31, 2018, and the trial court sentenced Treat to 180 days in prison with 176 days suspended to non-reporting probation. *Id*. at 81; *Appellant's App. Vol. II* at 12. At the conclusion of the sentencing hearing, the trial court told Treat, "I think there's a nominal fee for the non-reporting probation but I'm ordering no fines and no court costs." *Tr. Vol. II* at 83. The trial court's sentencing order did not specify the probation user fees; however, it did list a $50.00 domestic violence prevention fee and a $50.00 supplemental public defender fee. *Appellant's App. Vol. II* at 12.

[6] The next day, the Marion County Probation Department ("the Probation Department") filed a memorandum with the trial court, which stated:

> The above[-]named defendant was convicted of … MA: Domestic Battery and sentenced to 176 days Non-Reporting Probation. Per the Indiana Trial Court Fee Manual, the following fees are eligible to be assessed that were not addressed by the Court:

> Probation Administrative Fee in the amount of $50.00
>
> Probation User Fee in the amount of $170.00
>
> The Probation Department is seeking clarification as to if the Court wishes to have these fees assessed.

*Id*. at 87. In response to this memorandum, the trial court issued an "Order on Memorandum of Probation" that ordered the Probation Department to "[p]lease access [sic] fees as defendant was made aware there were fees involved at sentencing." *Id*. at 88. On June 8, 2018, the trial court approved a request from the Probation Department to apply Treat's bond to her outstanding balance of $320.00. *Id*. at 89-90. Treat now appeals.

## Discussion and Decision

[7] Treat challenges the imposition of probation fees. Specifically, she contends that the trial court abused its discretion when it allowed the Probation Department, rather than the trial court, to assess those fees. "'Sentencing decisions include decisions to impose fees and costs,' and a trial court's sentencing decision is reviewed for abuse of discretion." *De La Cruz v. State*, 80 N.E.3d 210, 213 (Ind. Ct. App. 2017) (quoting *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016)). An abuse of discretion occurs when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. The trial court must impose fees within statutory parameters. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[8] The statute governing probation, Indiana Code section 35-38-2-1, provides that whenever a trial court places a person on probation, the court is required to, among other things, "specify in the record the conditions of probation[.]" Ind. Code § 35-38-2-1(a).

> In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay:
>
> (1) not more than a fifty dollar ($50) initial probation user's fee;
>
> (2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;
>
> . . . .
>
> (4) an administrative fee of fifty dollars ($50);
>
> to either the probation department or the clerk.

Ind. Code § 35-38-2-1(e).

[9] "[I]t is the trial court, not the probation department, that has the discretion to impose probation fees." *Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017). A probation department may, however, petition a trial court to "impose" or "increase" a person's probation user's fee "if the financial ability of the person to pay a probation user's fee changes while the person is on probation." Ind. Code § 35-38-2-1.7(b).

[10] Treat argues that the trial court impermissibly delegated its authority to impose probation fees to the Probation Department when it adopted the fees included in the probation department's June 1, 2018 memorandum. In support of her argument, Treat cites to several probation fee cases, where the trial court's sentencing order and probation order did not impose probation fees, but the probation department later imposed probation fees after sentencing. *See, e.g.*, *De La Cruz*, 80 N.E.3d at 212-14 (vacating probation fees because the trial court imposed a "sliding scale" probation fee calculation that essentially gave the probation department the unilateral authority to determine whether the defendant would be required to pay probation fees and finding that trial court's "probation order, along with the absence of a clear statement imposing probation fees, shows the trial court's intent not to impose such fees"); *Burnett*, 74 N.E.3d at 1227 (vacating probation fees imposed by the probation department after sentencing and remanding for further proceedings, where the trial court made vague references to "various probation fees that are required" and sections of the sentencing order that should have contained fee amounts were blacked out); *Coleman*, 61 N.E.3d at 393-94 (vacating the probation fees imposed by the probation department where the sentencing order did not list any such fees and the probation order contained "ordered amount" sections that were either blacked out or blank).

[11] We find the present case to be distinguishable from those previous cases. Here, unlike the above cited cases, the probation department did not independently impose probation fees on Treat. At her sentencing hearing, the trial court

explicitly stated that Treat would be required to pay "a nominal fee for the non-reporting probation." *Tr. Vol. II* at 83. However, although the trial court's sentencing order listed a $50.00 domestic violence prevention fee and a $50.00 supplemental public defender fee as monetary obligations, it did not contain any reference to any additional fees that Treat would be required to pay. *Appellant's App. Vol. II* at 12. The day after the sentencing hearing, the Probation Department filed a memorandum with the trial court, requesting clarification as to whether the trial court wanted to have a $50.00 administrative fee and a $170.00 probation user fee assessed. *Id.* at 87. The trial court responded by issuing an order for the Probation Department to assess probation user fees, which authorized the user fees listed in the Probation Department's memorandum. *Id.* at 88. Therefore, while the trial court relied upon the calculations made by the Probation Department, the trial judge, and not a probation officer, ultimately made the determination that Treat should pay probation fees and entered the order requiring her to pay the fees. *Id.* We conclude that the trial court did not delegate its authority to impose probation fees and, instead, merely clarified the sentencing order that omitted fees that the trial judge had intended to impose originally. *Tr. Vol. II* at 83.

[12] Treat, however, maintains that the only way the trial court could alter its sentencing order was by following the procedures outlined in Indiana Code Section 35-38-2-1.7(b), which provides that the probation department may petition a trial court to impose or increase a probation user's fees upon a showing that the financial ability of the probationer to pay the fees has changed

while the person is on probation. Although section 35-38-1-2.7(b) sets out a procedure of how a probation user's fees can be modified while they are on probation, that is not what occurred in the present case. Here, the day after the trial court sentenced Treat to non-reporting probation and informed her that there would be a nominal fee for such, the Probation Department sent the trial court a memorandum requesting clarification as to whether the trial court wished fees to be assessed, not modification of the existing fees based on Treat's ability to pay. We, therefore, conclude that the trial court did not delegate its authority to the Probation Department and did not abuse its discretion when it ordered Treat to pay $220.00 in probation fees.

[13] Affirmed.

Riley, J., and Robb, J., concur.