## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 17 2020, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Kunz
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Public Defender
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sauntio Antonio Carter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 17, 2020

Court of Appeals Case No.
19A-CR-1871

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge
The Honorable Anne Flannelly, Magistrate

Trial Court Cause No.
49G04-1711-F5-45593

**Pyle, Judge.**

# Statement of the Case

Following Sauntio Carter's ("Carter") initial hearing, the trial court ordered him to pay a $100 supplemental public defender fund fee. Thereafter, a jury found Carter guilty of Level 5 felony stalking and two counts of Class A misdemeanor invasion of privacy.[1] The trial court then merged the invasion of privacy convictions into the stalking conviction. Following the sentencing hearing, the trial court ordered Carter to pay a second $100 supplemental public defender fund fee. On appeal, Carter argues that: (1) the trial court's merger of his convictions violated Indiana's constitutional prohibition against double jeopardy; and (2) the trial court abused its discretion when it imposed an additional $100 public defender supplemental fund fee. We agree and reverse and remand to the trial court with instructions to issue a new sentencing order and abstract of judgment consistent with this opinion.

We reverse and remand with instructions.

# Issues

> 1. Whether the trial court's merger of Carter's convictions violated Indiana's constitutional prohibition against double jeopardy.

---

[1] Upon its own motion, the trial court found that there was "a total absence of evidence" as to the element of "actual notice" of a protective order for purposes of Level 5 felony stalking. (Tr. Vol. 3 at 29). As a result, the trial court entered judgment of conviction on the lesser included offense of Level 6 felony stalking, which did not require notice of a protective order. Additionally, each of the Class A misdemeanors were enhanced to Level 6 felonies in a separate filing because Carter had a prior unrelated conviction for invasion of privacy.

2. Whether the trial court abused its discretion when it imposed a second $100 public defender supplemental fund fee.

# Facts

[3] In November 2017, the State charged Carter with one count of Level 5 felony stalking and six counts of Class A misdemeanor invasion of privacy. At Carter's initial hearing, he requested a public defender, and the trial court found that he was "partially indigent" and appointed him a public defender. (App. 65). In an order following the initial hearing, the trial court stated that Carter possessed the "ability to pay a preliminary fee to the Public Defender Supplemental Fund[]" of $100. (App. 65).

[4] At the conclusion of the first phase of Carter's jury trial in June 2019, the jury found him guilty of Level 5 felony stalking and two counts of Class A misdemeanor invasion of privacy.[2] Carter then waived his right to a jury trial on the enhancement phase and pled guilty to two counts of Level 6 felony invasion of privacy. Following his guilty plea, the trial court entered judgments of conviction for the two counts of invasion of privacy as Level 6 felonies. The trial court did not enter judgment of conviction for the Level 5 felony at that time.

---

[2] After the trial began, the State moved to dismiss three of the Class A misdemeanor invasion of privacy counts. The jury found Carter not guilty of one count of Class A misdemeanor invasion of privacy.

[5]     In July 2019, the trial court held a sentencing hearing. At this hearing, the trial court entered judgment of conviction on the lesser included offense of Level 6 felony stalking. Defense counsel then requested that the two invasion of privacy convictions merge into the stalking conviction because the same evidence was used to prove all three counts. The trial court agreed and merged the two invasion of privacy convictions into the stalking conviction, without also vacating the two convictions. The court then sentenced Carter to 910 days in the Marion County Jail.

[6]     Thereafter, the trial court stated that Carter had "previously been ordered to pay $100 Public Defender Supplemental Fund Fee. I am ordering that fee. I'm also ordering $185 in court costs." (Tr. Vol. 3 at 41). The basis for the court's assessment of those costs against Carter was because it found that he was "mentally and physically able to work." (Tr. Vol. 3 at 41). The sentencing order shows a $200 public defender fee listed among Carter's monetary obligations. The trial court's written "Order on Fees and Costs," which the sentencing order references, reflects that the court assessed an additional $100 public defender fee and $185 in court costs. (App. 223). The Chronological Case Summary ("CCS") also indicates that Carter owes two $100 public defender supplemental fund fees. Carter now appeals.

## Decision

[7]     On appeal, Carter argues that: (1) the trial court's merger of his invasion of privacy convictions into the stalking conviction violated Indiana's

constitutional prohibition against double jeopardy; and (2) the trial court abused its discretion when it imposed an additional $100 public defender supplemental fund fee. We will address each of these arguments in turn.

## 1. Double Jeopardy

Carter argues, and the State concedes, that the trial court erred when it merged the two invasion of privacy convictions into the stalking conviction. We also agree. A trial court's act of merging, without also vacating, convictions that violate double jeopardy prohibitions, is not sufficient to cure the double jeopardy violation. *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008), *trans. denied*. A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the "practical effect" of concurrent sentences or by merger after conviction has been entered. *Morrison v. State*, 824 N.E.2d 734, 741-42 (Ind. Ct. App. 2005).

On the day of trial, the trial court entered judgments of conviction for the two invasion of privacy convictions. At sentencing, the trial court noted that due to double jeopardy concerns, it would merge the two convictions into the stalking conviction. The trial court did not vacate the invasion of privacy convictions prior to merging them into the stalking conviction. We therefore remand this cause to the trial court with instructions to vacate Carter's invasion of privacy convictions.

## 2. Public Defender Supplemental Fund Fee

[10]    Carter next argues that the trial court abused its discretion when it imposed an additional $100 public defender supplemental fund fee. "Sentencing decisions include decisions to impose fees and costs," and a trial court's sentencing decision is reviewed for an abuse of discretion. *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016). "An abuse of discretion has occurred when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[11]    As noted by Carter, there are three statutory provisions that allow a trial court to impose fees on a defendant to offset public defender costs, and the trial court can order reimbursement under any or a combination thereof. *Jackson v. State*, 968 N.E.2d 328, 333 (Ind. Ct. App. 2012). Carter relies on INDIANA CODE § 35-33-7-6, which provides that the trial court may impose a public defender supplemental fund fee before completing the initial hearing.[3] Under this statute,

---

[3] The two other statutes address the trial court's authority to order a defendant to pay all or part of the costs of counsel provided at public expense. The State suggests that the trial court relied on INDIANA CODE § 33-37-2-3, which provides that the trial court may impose part of the costs of representation upon a convicted person, provided that the trial court first determine that such person is not indigent. Here, the trial court found Carter "partially indigent" at his initial hearing. (App. 65). At sentencing, the trial court found that Carter was "mentally and physically able to work." (Tr. Vol. 3 at 41). Because the trial court found Carter partially indigent and did not inquire further about Carter's financial status under INDIANA CODE § 33-37-2-3, this statute is inapplicable. *See Burnett v. State*, 74 N.E.3d 1221, 1227 (Ind. Ct. App. 2017) (explaining that an indigency hearing under INDIANA CODE § 33-37-2-3 is sufficient when the trial court asks questions to determine a defendant's "ability to pay.").

The next statute, INDIANA CODE § 33-40-3-6, authorizes the trial court to impose reasonable attorney fees if it finds that the defendant has the ability to pay the costs of representation. INDIANA CODE § 33-40-3-6 applies

the trial court is required to determine whether the defendant is indigent.  I.C. § 35-33-7-6(a).  If the defendant is found to be indigent, the costs of representation are $100 in felony cases and $50 in misdemeanor cases.  I.C. § 35-33-7-6(c).

[12]     Here, the trial court did not specify which statute authorized the public defender supplemental fees it imposed.  However, there is language from the record that provides us with clarity.  At Carter's initial hearing, he requested the appointment of a public defender on his behalf.  According to the trial court's order following that hearing, the court found Carter "to be partially indigent with the present ability to pay a preliminary fee to the Public Defender Supplement Fund" of $100.  (App. 65).  This matches the language used by our Court to describe fees imposed for felony cases under INDIANA CODE § 35-33-7-6(c).  *See e.g., Berry*, 950 N.E.2d at 800 ("The fact that Berry was found indigent at the initial hearing and the trial court ordered a fee of $100 leads us to agree with the State that the trial court imposed the public defender fee pursuant to Indiana Code § 35-33-7-6.").  At sentencing, the trial court stated that Carter had "previously been ordered to pay $100 Public Defender Supplemental Fund Fee.  I am ordering that fee.  I'm also ordering $185 in court costs." (Tr. Vol. 3 at 41).  The CCS indicates that Carter owes two $100 public defender

only in those situations where the court makes a finding of an ability to pay under the enumerated factors in INDIANA CODE § 33-40-3-7.  Our review of the record reveals that the trial court never considered the enumerated factors.  Thus, it is unlikely that the additional public defender fee was ordered pursuant to INDIANA CODE § 33-40-3-6.

supplemental fund fees, and the sentencing order shows a $200 public defender fee among Carter's monetary obligations.

[13] Based upon the above being consistent with the imposition of a $100 fee under INDIANA CODE § 35-33-7-6, we conclude that trial court abused its discretion by imposing the additional $100 public defender supplemental fund fee. *See Langdon v. State*, 71 N.E.3d 1162, 1164 (Ind. Ct. App. 2017) (holding that the trial court abused its discretion when it imposed a second $50 supplemental public defender fee). Accordingly, we reverse the trial court's imposition of the second public defender supplemental fee and remand this cause with instructions to issue a new sentencing and abstract of judgment consistent with this opinion.

[14] Reversed and remanded with instructions.

May, J., and Crone, J., concur.