## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2020, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adelina Monique Bray,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 17, 2020

Court of Appeals Case No.
19A-CR-1986

Appeal from the Marion Superior Court

The Honorable Mark Renner, Magistrate

Trial Court Cause No.
49G08-1809-CM-31309

**Pyle, Judge.**

# Statement of the Case

Adelina Bray ("Bray") appeals, following a bench trial, her conviction for Class C misdemeanor operating a vehicle while intoxicated, which was a lesser-included offense to her charge of Class A misdemeanor operating a vehicle while intoxicated endangering a person. Bray argues that: (1) the trial court abused its discretion when it failed to conduct an indigency hearing at the time it assessed fees and stated that she could qualify for early termination of her probation upon payment of the imposed fees; and (2) remand is necessary to amend the sentencing order and order of probation. We agree that the trial court abused its discretion by failing to conduct an indigency hearing after imposing fees and stating that Bray could qualify for early termination of her probation upon payment of the imposed fees. However, we do not agree that remand is necessary to amend the sentencing order and order of probation. Accordingly, we remand this case to the trial court with instructions to hold an indigency hearing.

We remand.

# Issues

1. Whether the trial court abused its discretion when it failed to conduct an indigency hearing at the time it assessed fees and stated that she could qualify for early termination of her probation upon payment of the imposed fees.

2. Whether remand is necessary to amend the sentencing order and order of probation.

# Facts

[3]    In September 2018, the State charged Bray with Class A misdemeanor operating a vehicle while intoxicated endangering a person. The charging information specifically stated that Bray was charged under "I.C. 9-30-5-2(a) & (b)."[1] (App. 15). In June 2019, the trial court conducted a bench trial. The trial court found Bray not guilty of the Class A misdemeanor offense due to the State's failure to establish the endangerment element of the offense. However, the court found Bray guilty of the lesser-included offense of Class C misdemeanor operating a vehicle while intoxicated, and this judgment is reflected in the Chronological Case Summary ("CCS").

[4]    Thereafter, the trial court held a sentencing hearing. During the hearing, the trial court did not inquire into Bray's financial status. When sentencing Bray, the trial court stated the following:

> [The] [s]entence then is ma'am, sixty days fifty-eight days suspended with the two-day executed sentence is satisfied [by] the time that you have already spent in custody. Probation for one hundred eighty days and [Advocates Against Impaired Driving] Destructive Decision Panel, alcohol evaluation and treatment if recommended, a $400.00 [alcohol and drug service] fee, $200.00 countermeasure fee, rather than show Probation to be non-reporting -- you get all of these things concluded then I'll allow

---

[1] INDIANA CODE § 9-30-5-2 states:

>    (a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.
>
>    (b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

Probation to terminate. So, I'm giving you the incentive to get everything done, get the fees paid then I will terminate Probation once you show that those things are concluded. Court costs are $185.50 and no fine is imposed. The INAUDIBLE, Probation and administrative costs an[d] I'll set the lowest Probation user fee at $15.00 per month. It's my hope that you get all of these terms and requirements concluded so that you can get off of Probation as quickly as possible.

(Tr. 32-33). In its sentencing order, the trial court noted that Bray's "probation will terminate upon completion of terms and payment of fees[.]" (App. 63). The sentencing order's monetary obligations section shows that Bray owes fees and costs totaling $975, which includes a probation administration fee of $50 and a probation user fee of $140. The probation order lists standard conditions, including condition fourteen, which states that Bray shall "pay all Court-ordered fines, costs, fees and restitution as directed." (App. 42). The special conditions section of the probation order includes the same conditions as the sentencing order. Bray now appeals.

# Decision

On appeal, Bray argues that: (1) the trial court abused its discretion when it failed to conduct an indigency hearing at the time it assessed fees and stated that she could qualify for early termination of her probation upon payment of the imposed fees; and (2) remand is necessary to amend the sentencing order and order of probation. We will address each of these arguments in turn.

## 1. Probation Fees

[6] Bray first argues that the trial court "failed to conduct an indigency hearing at the time it assessed probation fees and made payment of those fees a condition for early termination." (Bray's Br. 8). "Sentencing decisions include decisions to impose fees and costs[,]" and a trial court's sentencing decision is reviewed for an abuse of discretion. *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016). An abuse of discretion has occurred when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. If the fees imposed by the trial court fall within the parameters provided by statute, we will not find an abuse of discretion. *Berry v. State*, 950 N.E.2d 798, 799 (Ind. Ct. App. 2011).

[7] When a defendant is convicted of a misdemeanor, the trial court has discretion to impose certain probation fees. IND. CODE § 35-38-2-1(e). Bray correctly notes that, under INDIANA CODE § 33-37-2-3, if a trial court imposes costs on a defendant, a trial court is required to conduct an indigency hearing. In regard to probation fees, an indigency hearing should take place no later than when a defendant completes her sentence. *Johnson v. State*, 27 N.E.3d 793, 795 (Ind. Ct. App. 2015). However, relevant to this case, our Court has also held that "[a]ny disparate treatment based on a defendant's financial situation—whether it be by conferring a benefit, modifying a sentence, or something else—triggers the requirement to have an indigency hearing at the time the fees are imposed to determine the defendant's ability to pay." *Burnett v. State*, 74 N.E.3d 1221, 1228 (Ind. Ct. App. 2017).

[8]     In *Burnett*, Burnett was found guilty of Class A misdemeanor operating a vehicle while intoxicated endangering a person.[2] At sentencing, the trial court asked one question to determine Burnett's financial situation, and Burnett stated that she made less than $20,000 per year. The trial court then sentenced her to 365 days with five days executed and the remainder suspended to probation. The trial court ordered Burnett to pay several court costs, fees, and fines, which were payable alongside other probation fees. The trial court stated that Burnett's probation would become non-reporting after she finished the terms and conditions of her probation. The sentencing order and order of probation also indicated that Burnett's probation would become non-reporting after she had finished paying all of her probation fees. On appeal, Burnett argued that the trial court had failed to conduct an adequate indigency hearing before it ordered her to pay certain probation fees. We agreed and determined that a sufficient inquiry into a defendant's ability to pay might include questions concerning "her exact yearly income, her assets or debts, or any financial expenses that could have an impact on her ability to pay fees, such as the cost of her rent, utilities, or transportation to and from work, medical expenses, or any dependents." *Id.* at 1227. We further noted that:

> As a result of the trial court's assumption that Burnett could pay her probation fees, let alone its assumption that she could pay them 'sooner rather than later,' Burnett could be unfairly prevented from receiving the benefit of non-reporting probation.

---

[2] On appeal, this Court reversed this conviction and remanded with instructions that the trial court enter judgment for Class C misdemeanor operating a vehicle while intoxicated.

> Any disparate treatment based on a defendant's financial situation—whether it be by conferring a benefit, modifying a sentence, or something else—triggers the requirement to have an indigency hearing at the time the fees are imposed to determine the defendant's ability to pay.

*Id*. at 1228.

[9] Here, similar to the trial court in *Burnett*, the trial court ordered Bray to pay certain probation fees and "incentive[ized]" her "quick[]" payment of those fees to earn an early termination of probation. (Tr. 32-33). There is no evidence in the record concerning Bray's financial status or the trial court's attempt to ascertain such information. Thus, the probation fees imposed could prevent Bray from receiving the benefit of early termination of probation, as contemplated by the trial court. Based on the foregoing, we conclude that the trial court abused its discretion when it failed to conduct an indigency hearing at the time it assessed fees and stated that Bray could qualify for early termination of her probation upon payment of the imposed fees. *See* I.C. § 33-37-2-3(a). Accordingly, we remand to the trial court to hold an indigency hearing.

## 2. Sentencing Order and Order of Probation

[10] Bray next argues that the sentencing order and order of probation should be amended to reflect her conviction for the lesser-included Class C misdemeanor offense. According to Bray, the sentencing order and order of probation are not clear because they do not explicitly show that she was acquitted of Class A

misdemeanor operating a vehicle while intoxicated endangering a person. We disagree.

[11] Here, the State charged Bray under INDIANA CODE § 9-30-5-2(a) and (b), which provide:

> (a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.
>
> (b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

Following Bray's bench trial, the trial court found that the State had not proven Class A misdemeanor operating a vehicle while intoxicated endangering a person. Instead, the court found that the State had proven beyond a reasonable doubt that Bray was guilty of the lesser-included Class C misdemeanor operating while intoxicated. This judgment is reflected in the CCS, which states that Bray was "found guilty of OVWI/MC a lesser included offense." (App. 10). Notwithstanding the "MA" notation on the sentencing and probation orders, the disposition listed on the sentencing order states that there was a "Finding of Guilty Lesser Included." (App. 63). Because the CCS and sentencing order show that Bray was convicted of the lesser included offense described within INDIANA CODE § 9-30-5-2(b), remand on this issue is not necessary.

[12] Remanded with instructions.

May, J., and Crone, J., concur.