## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

May 18 2020, 10:25 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paul O. Haynes,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 18, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2781<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Shatrese Flowers,<br>Judge<br><br>Trial Court Cause No.<br>49G02-1810-F5-35898 |

**May, Judge.**

[1]  Paul O. Haynes appeals the trial court's order requiring him to pay probation fees after the trial court revoked his probation. He argues the trial court abused

its discretion when it charged him probation fees, because his probationary period had not commenced at the time the trial court entered its order. We reverse and remand.

## Facts and Procedural History

[2] On March 26, 2019, Haynes pled guilty to Level 5 felony domestic battery.[1] The court imposed a four-year sentence with two years executed in a community corrections program and two years suspended. The court also ordered Haynes to serve one year on probation following completion of the executed portion of his sentence. In August 2019, the court found Haynes had violated the terms of his community corrections program. The court continued Haynes on community corrections, but it modified his placement to a work release center.

[3] On September 19, 2019, Leanna Williams-Sutton, the interim supervisor of Duvall Residential Center, witnessed Haynes drop a tissue into a waste basket. She retrieved the tissue from the trash can. Inside the tissue, she found "a green leafy substance that . . . resembled K2 spice." (Tr. Vol. II at 17.) The State subsequently filed a notice of community corrections violation and a notice of probation violation because Duvall Residential Center prohibited its residents from possessing any controlled substances, synthetic drugs, or lookalike

---

[1] Ind. Code § 35-42-2-1.3 (2016).

substances. Haynes was also arrested for Class A misdemeanor possession of a controlled substance.[2] The court held an evidentiary hearing on October 24, 2019. Following the hearing, the court revoked Haynes' community corrections placement and his probation, and it imposed a three-year executed sentence. The court also ordered Haynes to pay $600.00 in probation-related fees.

# Discussion and Decision

[4] The imposition of fees and costs is part of a trial court's sentencing decision. *Coleman v. State*, 61 N.E.3d 390, 392 (Ind. Ct. App. 2016). We review sentencing decisions for an abuse of discretion. *Id*. "An abuse of discretion has occurred when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*.

[5] Haynes contends the trial court should not have assessed any probation fees against him because he did not serve any time on probation. The State agrees that the trial court improperly imposed the probation fees. Therefore, we hold the trial court abused its discretion in ordering Haynes to pay probation fees even though the court revoked Haynes' probation before it began. *See Johnson v. State,* 27 N.E.3d 793, 795 (Ind. Ct. App. 2015) (holding trial court was required

---

[2] Ind. Code § 35-48-4-7.

to recalculate the probation fees assessed against the defendant in order to correspond to the time he actually served on probation); *see also Fleming v. State*, -- N.E.3d. ---, 2020 WL 1146751 (Ind. Ct. App. 2020) (holding trial court abused its discretion when it imposed probation-related fees even though the trial court revoked the defendant's probation before it began).

# Conclusion

The trial court abused its discretion in ordering Haynes to pay probation fees when Haynes did not serve any time on probation. We reverse and remand with instructions for the trial court to vacate its imposition of probation-related fees.

Reversed and remanded.

Robb, J., and Vaidik, J., concur.