

FILED

Jun 17 2020, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony W. Ross,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 17, 2020

Court of Appeals Case No.
19A-CR-2966

Appeal from the Marion Superior
Court

The Honorable Angela Dow
Davis, Judge

The Honorable Hugh Patrick
Murphy, Magistrate

Trial Court Cause No.
49G16-1908-CM-30255

**Friedlander, Senior Judge.**

[1] Anthony Ross appeals the trial court's order that he pay $340 in probation fees. We vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

[2] The issue in this appeal is whether the trial court erred by imposing probation fees on Ross.

[3] Ross was convicted of domestic battery as a Class A misdemeanor[1] and sentenced to 365 days with 353 days suspended to unsupervised probation. The court ordered Ross to complete eighty hours of community service and thirteen weeks of batterers' intervention classes. The court's order imposed no probation fees and noted that Ross' probation could terminate early if he successfully completed all the terms. On the same day as Ross' sentencing, the probation department sent a memorandum to the trial court asking whether the court wanted to assess probation fees and noting the "eligible" fees of $50 administrative fee and $290 user fee. Appellant's App. Vol. II, p. 124. In response, the court issued an order approving the probation department's memorandum and directing the department to "[a]ssess fees as indicated." *Id.* at 125. Ross appeals the court's order.

[4] Sentencing decisions include decisions to impose fees and costs. *Coleman v. State*, 61 N.E.3d 390 (Ind. Ct. App. 2016). We review a trial court's sentencing decision for an abuse of discretion which occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

---

[1] Ind. Code § 35-42-2-1.3(a)(1) (2019).

When a defendant is convicted of a misdemeanor, the trial court has discretion to impose certain probation fees:

> In addition to any other conditions of probation, the court may order each person convicted of a misdemeanor to pay:
>
> (1) not more than a fifty dollar ($50) initial probation user's fee;
>
> (2) a monthly probation user's fee of not less than ten dollars ($10) nor more than twenty dollars ($20) for each month that the person remains on probation;
>
> (3) the costs of the laboratory test or series of tests to detect and confirm the presence of the human immunodeficiency virus (HIV) antigen or antibodies to the human immunodeficiency virus (HIV) if such tests are required by the court under section 2.3 of this chapter; and
>
> (4) an administrative fee of fifty dollars ($50).

Ind. Code § 35-38-2-1(e) (2012). If the probation department later wants to alter the fees imposed by the trial court, it must petition the trial court:

> A probation department may petition a court to:
>
> (1) impose a probation user's fee on a person; or
>
> (2) increase a person's probation user's fee;
>
> under section 1 or 1.5 of this chapter if the financial ability of the person to pay a probation user's fee changes while the person is on probation.

Ind. Code § 35-38-2-1.7(b) (2015).

[6] These statutes have been the subject of several recent cases. For example, in *Burnett v. State*, 74 N.E.3d 1221 (Ind. Ct. App. 2017), at sentencing the court ordered Burnett to pay certain fees, costs, and a fine. The court also stated she would have "various probation fees that are required" and her probation would become non-reporting after she completed her terms and conditions. *Id.* at 1224. The sentencing order's conditions of probation section contained the comment "all standard conditions and fees of probation," and the monetary obligations section showed $649.50 to be paid in court costs and fees, but it did not include any probation fees. *Id.* The probation order included "pay all Court-ordered fines, costs, fees and restitution as directed" in its list of standard conditions, and, in its "Monetary Obligation" section, the ordered amount column was blacked out for the administrative fee and the probation user fee. *Id.* at 1224-25. The probation department subsequently charged Burnett an administrative fee of $50, a monthly and initial user fee of $281.30, a probation user fee of $8.70, and a highway work zone fee of $.50, for a total of $340.50.

[7] On appeal, this Court vacated the trial court's order of probation fees because, although the amount of the fees fell within statutory parameters, imposition of the fees was not done according to statute. The Court explained, "[b]ecause the trial court did not impose any probation fees or costs on Burnett, it was erroneous to accept the imposition of these fees without a petition from the probation department and a showing that Burnett's financial situation has changed since the sentencing hearing." *Id.* at 1227.

[8]     In turn, our decision in *Burnett* relied upon *Coleman*, 61 N.E.3d 390.  There, the trial court found Coleman indigent as to fines and costs, and the sentencing order included no probation fees and indicated Coleman's total monetary obligation was $0.  In addition, the probation fees columns in the monetary obligations section of the probation order were blacked out.  However, the day after sentencing, Coleman's case transaction summary reflected a $50 probation administrative fee and a $290 probation user fee.

[9]     On appeal, this Court stated that the probation fees listed in Coleman's transaction summary were within the court's discretion to impose under Indiana Code section 35-38-2-1(e), but it found that, based on the record, it could not conclude that the trial court had imposed them.  In a footnote, the Court acknowledged that the probation department could have petitioned the trial court to impose the probation fees but that the record contained no evidence that it had done so.  *See Coleman*, 61 N.E.3d at 394 n.5.  Therefore, we vacated the fees and remanded for further proceedings.

[10]    Here, at sentencing the court imposed a sentence of 365 days and stated it was not going to put Ross on probation.  However, the court also ordered that the protective order remain in effect, and this discussion ensued:

> [STATE]:     Judge, it's my understanding that if it is a purely suspended sentence without probation, then the no contact does not have [e]ffect.
>
> THE COURT:     I don't know how.  I've not heard that before, honestly.  So **my intent was just to not require the burden of**

**probation**, but if – I want the no contact order enforceable. So, that's – I may have to do it. I can do [sic] if he completes all these terms, I can terminate his probation early. I may have that done as [a] condition.

[DEFENSE]:     It's my understand[ing] Your Honor that it's a protective order, as opposed to a no contact order.

DEFENDANT:     And, it expires.

THE COURT:     Well, there's – I may give a no contact order. In the criminal case, there may be a protect[ive] order, but I'm adding that here. Alright, so in order to make it enforceable – I'm sorry, I didn't have that come up ever before, I'm going to go ahead, and make a probationary period, but it's going to be unsupervised. You'll have to go for the orientation, and then thereafter you'll have to come back here, and tell me what you've done, as far as these things I'm requiring [of] you.

*******

THE COURT:     Alright. So, on probation, it's for the year. I'm going to give you a compliance date to come back and show me that you've done the things I'm asking, or I'm telling you to do. If you've done them, then your probation can terminate early.

Tr. Vol. II, pp. 83-84 (emphasis added). The court's sentencing order states, "The Court is assessing Court Costs and Fees in the amount of $0.00" and in "Part V Monetary Obligations" it states, "Court Costs and Fees   $0.00     Total: $0.00." Appellant's App. Vol. II, p. 14.

Ross' probation order contains the standard condition that he shall "pay all Court-ordered fines, costs, fees and restitution as directed." *Id.* at 122. The order contains: "Ordered $: _____" next to "Probation Administrative Fee," "Initial Probation User Fee," and "Monthly Probation Fee." *Id.* All of these lines were left blank on Ross' probation order.

Later on the same day as Ross' sentencing hearing, the probation department sent a memorandum to the court stating that "[p]er the Indiana Trial Court Fee Manual, the following fees are eligible to be assessed that were not addressed by the Court:

> Probation Administrative Fee in the amount of $50.00
> Probation User Fee in the amount of $290.00

The Probation Department is seeking clarification as to if the Court wishes to have these fees assessed." *Id.* at 124. Two days later, the court issued its order approving the memorandum of the probation department and directing probation to "[a]ssess fees as indicated." *Id.* at 125.

It is the trial court, not the probation department, that has the discretion to impose probation fees in a misdemeanor case. *Burnett*, 74 N.E.3d 1221; *see* Ind. Code § 35-38-2-1(e). Nothing in the record here indicates that it was the trial court that imposed these probation fees; essentially, Ross' probation fees were imposed by the probation department. At sentencing, the court stated nothing about Ross paying probation fees, and neither the court's sentencing order nor

its probation order imposed any probation fees. As we previously determined in both *Burnett* and *Coleman*, a probation order such as Ross', along with the absence of a clear statement imposing probation fees, shows the trial court's intent not to impose such fees.

[14] Thus, it was erroneous for the court to accept, post-sentencing, the imposition of these fees based on a probation department memo.[2] The proper procedure was for the probation department to petition the trial court pursuant to Section 35-38-2-1.7(b) and show that Ross' financial situation has changed since the sentencing hearing. Moreover, we note that this practice of probation submitting a memo to the court post-sentencing and without notice to the defendant impedes the interest of criminal defendants in the transparency of judicial proceedings. Accordingly, we vacate the fees and remand for further proceedings.

[15] Ross also argues that the trial court erred by failing to conduct an indigency hearing before imposing fees because the court stated at sentencing and directed in the sentencing order and the probation order that Ross' probation could terminate early if he successfully completes all terms. Listed in the probation order as a standard condition is the payment of all court-ordered fees; thus,

---

[2] We note that the fees listed in the probation department's memo to the court are the maximum fees allowed by statute. *See* Ind. Code § 35-38-2-1(e).

Ross asserts his ability to terminate his probation rests on his ability to pay any ordered fees.

[16] Indiana Code section 33-37-2-3 (2019) requires a trial court to hold an indigency hearing if the court imposes costs on a defendant. Although a trial court has a duty to hold an indigency hearing, it may exercise its discretion to wait and see if a defendant can pay probation fees before it finds the defendant indigent. *Johnson v. State*, 27 N.E.3d 793 (Ind. Ct. App. 2015). Thus, at the latest, an indigency hearing for probation fees should be held at the time a defendant completes his sentence. *Id.*

[17] The trial court's acceptance of the imposition of probation fees against Ross without an indigency hearing could prevent Ross from receiving the benefit of unsupervised probation and the court's order that he could terminate his probation early once he completes his community service hours and his batterers' intervention classes. We have previously held that "[a]ny disparate treatment based on a defendant's financial situation—whether it be by conferring a benefit, modifying a sentence, or something else—triggers the requirement to have an indigency hearing at the time the fees are imposed to determine the defendant's ability to pay." *Burnett*, 74 N.E.3d at 1228. Thus, on remand, if any probation fees are imposed upon Ross, the trial court should conduct a hearing at the time the fees are imposed to assess Ross' ability to pay. Additionally, because the trial court ordered that Ross could terminate his probation early upon completion of his community service and classes, any probation fees ordered upon remand should reflect this situation and

correspond to the probation time Ross actually serves. *See Johnson*, 27 N.E.3d 793 (where defendant ordered to pay probation fees that reflected twelve-month probation but served only five of those months, trial court directed on remand to recalculate defendant's probation fees to correspond to probation time actually served).

[18] The judgment of the trial court regarding the probation fees imposed on Ross is vacated and remanded for further proceedings consistent with this opinion.

Robb, J., and Brown, J., concur.